**UNITED STATES of America, Appellant,**

v.

**Brian BROPHIL, Defendant–Appellee.**

**No. 49, Docket 95–1708.**

United States Court of Appeals, Second Circuit.

Submitted Aug. 28, 1996.

Decided Sept. 12, 1996.

Charles R. Tetzlaff, United States Attorney for the District of Vermont, Burlington, Vermont (David V. Kirby, Chief, Criminal Division, James J. Gelber, Assistant United States Attorney, Burlington, Vermont, of counsel), for Appellant.

Reiber, Kenlan, Schwiebert, Hall & Facey, Rutland, Vermont (Peter W. Hall, W. Andrew Hazelton, Rutland, Vermont, of counsel), for Defendant–Appellee.

Before: MESKILL, KEARSE, and MAHONEY, Circuit Judges.

PER CURIAM:

The United States appeals from a final judgment of the United States District Court for the District of Vermont, Franklin S. Billings, Jr., *Judge,* vacating on double jeopardy grounds a judgment that convicted defendant Brian Brophil of the manufacture of marijuana in violation of 21 U.S.C. § 841(a)(1) (1994), and dismissing the indictment against him. The conviction, entered after Brophil's plea of guilty, followed the government's successful completion of a civil forfeiture action against Brophil's property pursuant to 21 U.S.C. § 881(a)(7) (1994) on the ground that the property had been used in the manufacture of marijuana. In an opinion dated September 27, 1995, and reported at 899 F.Supp. 1257, the district court ruled that § 881(a)(7) serves nonremedial purposes of retribution and deterrence; the court interpreted United States Supreme Court cases including *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), as establishing that civil forfeiture under § 881(a)(7) thus constitutes punishment within the meaning of the Double Jeopardy Clause. We reverse in light of the Supreme Court's subsequent decision in *United States v. Ursery,* — U.S. ——, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996), which ruled that civil forfeitures pursuant to 21 U.S.C. § 881(a)(7) "do not constitute 'punishment' for purposes of the Double Jeopardy Clause." — U.S. at ——, 116 S.Ct. at 2138.

In *Ursery,* the Supreme Court stated that its prior cases indicated that *"in rem* civil forfeiture is a remedial civil sanction, distinct from potentially punitive *in personam* civil penalties such as fines." — U.S. at ——, 116 S.Ct. at 2142; *see also id.* at ——, 116 S.Ct. at 2143–49 (discussing cases). The *Ursery* Court noted that while one of the goals of civil forfeiture is deterrence, deterrence "may serve civil as well as criminal goals." *Id.* at ——, 116 S.Ct. at 2149; *see id.* at ——, 116 S.Ct. at 2148 ("Requiring the forfeiture of property used to commit federal narcotics violations encourages property owners to take care in managing their property and ensures that they will not permit that property to be used for illegal purposes."). *See also id.* at ——, 116 S.Ct. at 2143–45 (whereas a double jeopardy challenge to a *Halper*-type civil fine, which is designed principally to be compensatory, involves a "case-specific ... inquiry," "the case-by-case balancing test set forth in *Halper,* in which a court must compare the harm suffered by the Government against the size of the penalty imposed, is inapplicable to civil forfeiture").

The Court stated that *in rem* forfeitures that are designated by Congress as "civil" are presumptively "not subject to double jeopardy," and that the presumption may be overcome only by the " 'clearest proof' ... that [the] *in rem* civil forfeiture is 'so punitive either in purpose or effect' as to be equivalent to a criminal proceeding." — U.S. at —— n. 3, 116 S.Ct. at 2148 n. 3 (quoting *United States v. One Assortment of 89 Firearms,* 465 U.S. 354, 363, 104 S.Ct. 1099, 1105, 79 L.Ed.2d 361 (1984)). The *Ursery* Court ruled that there is "little evidence, much less the ' "clearest proof" ' " that proceedings under the statutes involved in the case before it, which included § 881(a)(7), "are so punitive in form and effect as to render them criminal despite Congress' in-

tent to the contrary." —— U.S. at ——, 116 S.Ct. at 2148. The Court concluded: "We hold that these *in rem* civil forfeitures are neither 'punishment' nor criminal for purposes of the Double Jeopardy Clause." —— U.S. at ——, 116 S.Ct. at 2149.

In light of *Ursery*, the prosecution of Brophil for the manufacture of marijuana did not constitute double jeopardy on account of the prior civil *in rem* forfeiture of his property pursuant to § 881(a)(7). Accordingly, we reverse the judgment of the district court and direct that the indictment and the judgment of conviction be reinstated.