**UNITED STATES of America,**
**Appellee,**

v.

**Wilfred Walker LEYLAND,**
**Defendant–Appellant.**

**Docket No. 00–1274.**

United States Court of Appeals,
Second Circuit.

Argued Oct. 31, 2001.

Decided Jan. 24, 2002.

Alexander Bunin, Federal Public Defender, Northern Districts of New York and Vermont (Molly Corbett, on the brief) Albany, NY, for Defendant–Appellant.

Thomas A. Duszkiewicz, Assistant United States Attorney (Kathleen M. Mehltretter, United States Attorney for the Western District of New York, on the brief) Buffalo, NY, for Appellee.

Before: POOLER and KATZMANN, Circuit Judges, and HURD, District Judge *.

PER CURIAM.

After a jury convicted him on conspiracy and drug possession charges stemming from a 1993 indictment, Wilfred Walker Leyland pleaded guilty to a conspiracy charge contained in a separate 1991 indictment. After the district court accepted his guilty plea on the 1991 indictment but before it sentenced him, Leyland moved to withdraw his plea and to dismiss the 1991 indictment on double jeopardy grounds. The United States District Court for the Western District of New York (Richard J. Arcara, *J.*), denied the motion, finding that Leyland waived his double jeopardy claims when he waited to raise them until after pleading guilty. The district court proceeded to sentence Leyland principally to 121 months imprisonment. For the reasons given below, we affirm the judgment.

* The Honorable David N. Hurd, United States District Court Judge for the Northern District of New York, sitting by designation.

## BACKGROUND

Two indictments are at issue. On May 9, 1991, a federal grand jury issued an indictment (the "1991 Indictment") charging Leyland with conspiracy to possess with intent to distribute and distribution of quantities of cocaine and marijuana (Count One), in violation of 21 U.S.C. § 846, possession with intent to distribute marijuana (Count Six), in violation of 21 U.S.C. § 841(a)(1), and use of a telephone in furtherance of the conspiracy (Counts 25, 30, 33 and 37), in violation of 21 U.S.C. § 843(b). Count 64 sought criminal forfeiture of approximately $26,590 that the government seized from Leyland. The 65–count indictment named seventeen co-conspirators in addition to Leyland, and the alleged conspiracy took place from January 1, 1989, to March 5, 1991. The government converted its criminal forfeiture action into a civil forfeiture action by bringing an *in rem* complaint against the $26,590 on January 7, 1992. Leyland filed an answer, but he later stipulated to withdraw his answer. A judgment ordering the forfeiture issued on June 23, 1992.

A different federal grand jury issued a second indictment against Leyland on January 26, 1993 (the "1993 Indictment"). The 1993 Indictment charged Leyland with possession with intent to distribute more than 100 kilograms of marijuana (Count One), in violation of 21 U.S.C. § 841, and conspiracy to possess with intent to distribute more than 100 kilograms of marijuana (Count Three), in violation of 21 U.S.C. § 846. In addition to Leyland, the 1993 Indictment named one other co-conspirator, Gregory M. Scott. The alleged conspiracy in the 1993 Indictment took place from March 1, 1988, to Novem-

ber 24, 1992. Leyland moved to dismiss the 1993 Indictment because it was multiplicitous with the 1991 Indictment. The district court denied the motion after adopting the report and recommendation of the magistrate judge, who found the two indictments insufficiently similar to support dismissal on multiplicity grounds.

A trial jury convicted Leyland on both counts of the 1993 Indictment, and the district court sentenced him primarily to 76 months incarceration. Leyland appealed, and we affirmed the conviction. *United States v. Leyland*, 112 F.3d 506 (2d Cir.1997) (table). Leyland raised neither a multiplicity nor a double jeopardy claim in his appeal.

After his receiving his conviction under the 1993 Indictment, Leyland agreed in January 1995 to plead guilty to Count One of the 1991 Indictment. In the plea agreement and at the plea hearing, Leyland admitted to facts sufficient to support his conviction under Count One. The district court accepted Leyland's guilty plea. Then, in September 1997, Leyland moved to withdraw his guilty plea and dismiss the 1991 Indictment, because the indictment violated his double jeopardy rights. The district court denied both motions. It found that Leyland waived his right to raise his double jeopardy claim when he pleaded guilty to a conspiracy in the 1991 Indictment that was facially different than the one charged in the 1993 Indictment. The district court also held that the prior civil forfeiture action did not provide grounds for a double jeopardy claim based on *United States v. Ursery*, 518 U.S. 267, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996). The district court subsequently issued an order staying sentencing so that Leyland could pursue an interlocutory appeal. We dismissed the appeal, finding we lacked jurisdiction to hear an interlocutory appeal from the denial of a motion to dismiss on double jeopardy grounds. *United States v. Aliotta*, 199 F.3d 78, 80–84 (2d Cir.1999). Leyland already had completed his prison sentence on the 1993 Indictment. The district court, on March 31, 2000, sentenced Leyland principally to 121 months imprisonment on the 1991 Indictment. In addition, the district court sentenced Leyland to 5 years supervised release, to be served concurrently with the supervised release term imposed on the 1993 Indictment. This appeal followed.

## DISCUSSION

■■■ We review *de novo* the district court's denial of a motion to dismiss an indictment on double jeopardy grounds because it presents a question of law. *United States v. Chacko*, 169 F.3d 140, 146 (2d Cir.1999). "We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion and any findings of fact in connection with that decision for clear error." *United States v. Juncal*, 245 F.3d 166, 170–1 (2d Cir.2001).

Leyland attacks the 1991 Indictment on two fronts. He contends first that the conspiracy counts in the 1991 and 1993 Indictments are the same, punishing him twice for the same offense in violation of the Constitution's Double Jeopardy Clause. Next, Leyland argues that his civil forfeiture of $26,590 constitutes criminal punishment for the crimes charged in the 1991 Indictment and that his guilty plea subjects him to a second punishment. For the reasons given below, we affirm the district court's finding that Leyland waived both arguments when it accepted his guilty plea to the 1991 Indictment.

■■■ We consider first Leyland's argument that the conspiracy counts in the 1991 and 1993 Indictments are the same. We have held that the rights contained in the Double Jeopardy Clause are "personal and can be waived by a defendant." *Unit-*

*ed States v. Mortimer,* 52 F.3d 429, 435 (2d Cir.1995). One context in which waiver of double jeopardy claims can take place is where the defendant enters a guilty plea, which is "an admission that he committed the crime charged against him," rather than merely "a confession which admits that the accused did various acts." *United States v. Broce,* 488 U.S. 563, 571, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989) (internal quotations and internal citations omitted). Because a guilty plea has this legal effect, "a defendant who pleads guilty to two counts with facial allegations of distinct offenses concede[s] that he had committed two separate crimes." *Id.* at 570, 109 S.Ct. 757. Therefore, a defendant who signs a plea agreement before raising his double jeopardy claims waives the right to press those claims. *Mortimer,* 52 F.3d at 435. ("Mortimer's signed plea agreement provided that he would plead guilty to two felonies, thereby effecting waiver of the [double jeopardy] claims he now asserts on appeal"). Courts will conclude that a defendant's guilty plea waived his double jeopardy claims even if the defendant does not know about the claim at the time of the plea. *Broce,* 488 U.S. at 572–73, 109 S.Ct. 757. Conscious relinquishment of the double jeopardy claim is not required because the guilty plea constitutes an admission sufficient to establish that defendant committed a crime, not an "inquiry into a defendant's subjective understanding of the range of potential defenses." *Id.* at 573–74, 109 S.Ct. 757.

■ Under these principles, the district court correctly found that Leyland waived his right to raise double jeopardy. A jury convicted Leyland under the 1993 Indictment in May 1994. Leyland pleaded guilty to the conspiracy count of the 1991 Indictment on January 17, 1995. Both in the plea agreement and during plea allocution, Leyland admitted to facts sufficient to support the 1991 conspiracy charge against him, and Leyland also waived his right to a trial. The conspiracies charged in the two indictments differ on their faces. Leyland did not raise his double jeopardy argument until after pleading guilty to the conspiracy in the 1991 Indictment. With his conviction on the 1993 Indictment complete, Leyland's guilty plea to the 1991 Indictment constituted his admission that he committed a second, separate crime as charged in the 1991 Indictment. *See Broce,* 488 U.S. at 570, 109 S.Ct. 757. At the same time, Leyland waived his double jeopardy argument. *See id.* at 572–73, 109 S.Ct. 757.

■ To preserve his claims, Leyland needed to raise his double jeopardy argument before pleading guilty to the conspiracy in the 1991 Indictment. "It is well established that the constitutional immunity from double jeopardy is a personal right which, if not affirmatively pleaded by the defendant at the time of trial, will be regarded as waived." *Paul v. Henderson,* 698 F.2d 589, 592 (2d Cir.1983) (defendant waived his double jeopardy claim by failing to raise it prior to the second trial on the same offense) (quotation marks omitted). A plea agreement replaces a trial, and is a near guarantee of conviction. *See Aliotta,* 199 F.3d at 83. Thus, the timing of Leyland's guilty plea bars him from raising the double jeopardy argument.

■ We consider next appellant's contention that his civil forfeiture of $26,590 constitutes criminal punishment for the crimes charged in the 1991 Indictment. According to Leyland, his guilty plea to conspiracy in the 1991 Indictment placed him in jeopardy of being criminally punished twice for the same crime. For the reasons given above, we find that Leyland also waived his right to raise this double jeopardy claim.

■ Even if we were to reach the merits of Leyland's argument, we agree with the district court that *United States v. Ursery*, 518 U.S. 267, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996) mandates the outcome. In *Ursery*, the Supreme Court found that the civil forfeiture of assets does not constitute criminal punishment. *Ursery*, 518 U.S. at 287–88, 116 S.Ct. 2135. Thus a criminal prosecution following a civil forfeiture is not considered a second punishment for double jeopardy purposes. *See id.; see also United States v. Brophil*, 96 F.3d 31, 32 (2d Cir.1996) (per curiam) ("civil forfeitures ... do not constitute 'punishment' for purposes of the Double Jeopardy Clause."); *United States v. Amiel*, 95 F.3d 135, 146 (2d Cir.1996) (same). It is clear from the record that the government converted its original criminal forfeiture action, charged in Count 64 of the 1991 Indictment, into a civil forfeiture action. The conversion was proper. *See, e.g., United States v. Millan*, 2 F.3d 17, 20–21 (2d Cir.1993) (civil forfeiture was part of a single coordinated prosecution of defendants); *United States v. Dunn*, 802 F.2d 646, 647–48 (2d Cir .1986) (government may bring civil forfeiture action after criminal forfeiture action fails). Thus, the district court correctly determined that the civil forfeiture here may not form the basis for a double jeopardy claim.

## CONCLUSION

We find that the district court correctly determined that Leyland waived his right to raise any double jeopardy claim.