**UNITED STATES**

v.

**Vance BARNES**

No. 96CR111(JBA).
No. 99CV1065(JBA).

United States District Court,
D. Connecticut.

Aug. 2, 2002.

Vance Barnes, White Deer, PA, Pro se.

**RULING ON MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO § 2255 [Docs. # 155, 170, 171]**

ARTERTON, District Judge.

Petitioner Vance Barnes pleaded guilty pursuant to a written plea agreement to two counts of distributing more than five grams of crack cocaine within 1,000 feet of an elementary school in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 860(a), and this Court imposed concurrent sentences of 135 months for each count.[1] Petitioner has moved *pro se* under 28 U.S.C. § 2255 to set aside the sentence, claiming that the concurrent sentence imposed on the two counts of the indictment violates the Double Jeopardy Clause because 21 U.S.C. § 841(a) is a lesser-included offense of 21 U.S.C. § 860(a) and that he received ineffective assistance of counsel, based on numerous errors allegedly committed by his counsel with respect to sentencing. Petitioner has also moved to expand the record pursuant to Rule 7 governing 28 U.S.C. § 2255, based on the Supreme Court's ruling in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), claiming that § 841 is unconstitutional because it permits a judge to determine drug quantities for sentencing purposes in a separate proceeding based on a "preponderance of the evidence" standard. For the reasons discussed below, the Court finds that none of these claims have merit, and the petition is DENIED.

## I. FACTUAL BACKGROUND

After a joint state, federal and local law enforcement undercover investigation, petitioner and two co-defendants, William Moore and Michael Litt, were charged with conspiracy to possess with intent to distribute cocaine and crack cocaine and with cocaine and crack cocaine distribution. Petitioner pleaded guilty to Counts 14 and 15 of the indictment, possession with intent to distribute more than five grams of crack cocaine within 1,000 feet of a public school on two separate dates. In the written plea agreement, the government agreed to recommend a three-level offense level reduction for acceptance of responsibility, and calculated a Guidelines range of 97 to 121 months imprisonment. Taking into account the mandatory minimum penalty of 120 months, the government and defendant agreed not appeal or collaterally attack the sentence if it fell within the range of 120 to 121 months. The plea agreement also noted that defendant sought application of the "safety valve" provision of U.S.S.G. § 2D1.1(b)(4), to

---

1. Contrary to the apparent belief of petitioner that he was convicted of conspiracy, defendant's convictions are only on the substantive possession charges.

avoid the effect of the mandatory minimum sentence required under 21 U.S.C. §§ 841.

Following a sentencing hearing, this Court denied the motion for a departure under the safety valve provision, concluding that Barnes had failed to provide truthful information about his or his co-defendant's conduct in the charged offense and the course of conduct related to the offense. The Court also denied credit for acceptance of responsibility because Barnes had not fully accepted his role in the criminal conduct, and lacked candor, honesty and remorse. Accordingly, the applicable sentencing range was 135 to 168 months, and the Court sentenced Barnes to 135 months imprisonment followed by ten years of supervised release. This sentence was affirmed by the Second Circuit on direct appeal. *See United States v. Litt, et al.,* 133 F.3d 908, 1997 WL 829302, *2 (2d Cir.1997) (Table).

## II. DISCUSSION

■ 28 U.S.C. § 2255 provides that "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall … grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." "At this preliminary stage [the petitioner] is not required to establish that he will necessarily succeed on the claim, and indeed, if he could presently prove that proposition, no hearing would be necessary." *Armienti v. United States,* 234 F.3d 820, 823 (2d Cir.2000) (internal quotations omitted) (quoting *United States v. Tarricone,* 996 F.2d 1414, 1418 (2d Cir. 1993)). If, however, the facts as alleged by petitioner, even if credited, would not entitle him to habeas relief, the motion should be denied. *See Ciak v. United States,* 59 F.3d 296, 307 (2d Cir.1995). For the reasons set forth below, the Court concludes that the petition lacks merit and no hearing is required.

### A. *Double jeopardy*

■ Barnes devotes much of his memorandum to arguing that the imposition of the two concurrent sentences for Counts 14 and 15 violates the Double Jeopardy clause because he was sentenced under both § 841 and § 860, citing *United States v. White,* 240 F.3d 127 (2d Cir.2001), *United States v. Saavedra,* 148 F.3d 1311, 1316 (11th Cir.1998), *United States v. Chandler,* 125 F.3d 892, 896 (5th Cir.1997), and *United States v. Williams,* 782 F.Supp. 7, 9 (D.D.C.1992). These cases hold that imposition of two sentences for one act that violates both § 841 and § 860 is impermissible. However, Counts 14 and 15 of the indictment charge Barnes with committing violating § 841 and § 860 on two separate dates, May 21, 1996 and May 28, 1996. For Barnes's argument to apply, the indictment would have to have described one incident and charged that the same conduct on the same date violated § 841 in one count and then § 860 in another count. *Cf. White,* 240 F.3d at 132–33. Here, in contrast, Barnes pleaded guilty to, and was sentenced for, two separate counts each alleging violations of both §§ 841 and 860, one on May 21, 1996 and one on May 28, 1996. As the Court did not impose separate sentences for the same offense but rather a separate sentence for the two different offenses, the concurrent sentences imposed do not violate the Double Jeopardy clause.[2]

---

**2.** The Court also notes that under the reasoning of *United States v. Leyland,* 277 F.3d 628 (2d Cir.2002), petitioner could be said to have waived the Double Jeopardy argument. In that case, the Second Circuit held that "'a defendant who pleads guilty to two counts with facial allegations of distinct offenses concede[s] that he had committed two separate crimes.' Therefore, a defendant who signs a plea agreement before raising his double jeop-

## B. *Ineffective assistance of counsel*

As Barnes correctly recognizes, to prevail on his claim of ineffective assistance of counsel, petitioner must show (1) that counsel's representation fell below an objective standard of reasonableness measured by prevailing professional norms, and (2) that there is a reasonable probability that but for counsel's deficient performance, the outcome of the proceeding would have been different. *See Strickland v. Washington* 466 U.S. 668, 688–90, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Boria v. Keane*, 99 F.3d 492, 496–97 (2d Cir.1996).

According to petitioner, his counsel was ineffective for the following reasons: failure to argue that sentencing under both § 841 and § 860 violates the double jeopardy clause; failure to object to the one point enhancement under U.S.S.G. § 2D1.2 for drug offenses occurring near protected locations; failure to seek a downward departure for Barnes' minimal or minor role in the offense under U.S.S.G. § 3B1.2; failure to seek a downward departure because the case involved a reverse sting and sentencing manipulation, circumstances not taken into account in the Guidelines; failure to challenge the scienter element of 21 U.S.C. § 860; pursuing meritless claims on direct appeal, primarily the challenge to the Court's denial of an acceptance of responsibility reduction; failure to argue that petitioner should have been sentenced under the mandatory minimum for cocaine powder, rather than cocaine base; and finally, advising him to waive the right to collateral attack of the sentence in his plea agreement if he were sentenced within the guidelines range of 120 to 121 months. The Court considers each of these arguments in turn.

ardy claims waives the right to press those claims." *Id.* at 632 (*quoting United States v.*

### 1. Double jeopardy

 First, Barnes claims that his counsel was ineffective for failing to raise the double jeopardy argument described above at the time of sentencing. However, as that argument was meritless, his counsel cannot be found ineffective for failing to make this challenge. *See United States v. Kirsh*, 54 F.3d 1062, 1071 (2d Cir.1995) ("the failure to make a meritless argument does not rise to the level of ineffective assistance").

### 2. Enhancement under § 2D1.2

 Petitioner next claims that his counsel erroneously failed to object to the imposition of a one point sentencing enhancement pursuant to U.S.S.G. § 2D1.2, which provides for an enhancement for drug offenses occurring near protected locations, such as within 1,000 feet of a school. Barnes contends the one point enhancement is "impermissible because §2D1.2 defines a base offense level for violations of 21 U.S.C. § 859, 860 and 861, rather than a specific offense characteristic used to enhance a defendant's sentence for drug crimes." Pet. at 10. In support of this contention, petitioner cites *United States v. Saavedra*, 148 F.3d 1311, 1314–15 (11th Cir.1998), which held that § 2D1.2 could not be applied to convictions under § 841(a) alone, even where the defendant had admitted to being within the requisite proximity of a school to satisfy § 2D1.2, during a sentencing hearing. However, petitioner's argument ignores the fact that he pleaded guilty in the two counts to violating § 841(a) *and* § 860(a), and that § 2D1.2 was therefore applicable. As noted previously, his counsel's failure to raise a frivolous argument does not fall below prevailing professional standards.

*Broce*, 488 U.S. 563, 570, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989)).

### 3. Minimal/minor role departure

Barnes also argues that his counsel was deficient for failing to argue for a minimal or minor role reduction pursuant to U.S.S.G. § 3B1.2, in light of the government's position on the safety valve proffer that Barnes was the "low man on the totem pole." Section 3B1.2 provides for reduction of two to four levels where the defendant was a minimal to minor participant in the criminal activity charged. As the commentary notes, "[t]his section provides a range of adjustment for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." The application notes further explain that "[i]f a defendant has received a lower offense level by virtue of being convicted of an offense significantly less serious than warranted by his actual criminal conduct, a reduction for a mitigating role under this section ordinarily is not warranted because such defendant is not substantially less culpable than a defendant whose only conduct involved the less serious offense." App. note 4.

■ As the government notes, had his counsel argued that Barnes had played a minimal or minor role in the drug distribution compared with his co-defendants Moore and Litt, this theory would have directly contradicted Barnes's insistence during the "safety valve" proffers and sentencing that he was an independent drug dealer, rather than a runner for Moore, and that he purchased drugs from Moore and Litt to sell. The Second Circuit has consistently stated that a court "will not second-guess trial counsel's defense strategy simply because the chosen strategy has failed." *United States v. DiTommaso*, 817 F.2d 201, 215 (2d Cir.1987); *accord Trapnell v. United States*, 725 F.2d 149, 155 (2d Cir.1983). While the Court did credit DEA Agent Seymour's testimony regarding the lack of plausibility of petitioner's explanations of his role, *see* Tr. at 455, the rejection of the safety valve proffer turned primarily on the Court's conclusion that Barnes had not "truthfully provided all information and evidence concerning the offense or offenses that were part of the same course of conduct with a common scheme or plan," *id.*, in light of the undisputed evidence of Barnes' involvement with Moore and Litt, even *accepting* his contention that he was an "independent contractor." *See id.* at 455-56 ("the mere adherence to his position that he's an independent contractor still does not mean that he is not required to be more forthcoming with respect to all evidence and information").

■ More importantly, however, even if Barnes was, as he now claims, the low man on the totem pole, Barnes cannot show any prejudice arising from his counsel's failure to make the § 3B1.2 argument because the Court would not have had a basis for granting a minimal or minor role reduction since the evidence at the sentencing hearing showed that Barnes was *directly* involved with setting up and carrying out the two drug transactions on May 21 and May 28 to which he pleaded guilty and he was therefore not less culpable than the average participant in a possession with intent to distribute charge. *See United States v. Neils*, 156 F.3d 382, 383 (2d Cir.1998) (departure under § 3B1.2 not warranted "solely upon a finding that [the defendant] is less culpable than the co-defendants" because § 3B1.2 requires the Court "to gauge the appellant's culpability relative to the elements of the offense of conviction").

### 4. Sentencing manipulation

Next, Barnes argues that his counsel was ineffective for failing to seek a downward departure based on circumstances not adequately taken into account by the

Sentencing Commission -- here, that the drug charges to which Barnes pleaded guilty were the result of a pre-planned sting operation and that Barnes was led to sell cocaine base by the government agents. Barnes claims that the government should have arrested him after the first 3 transactions, and that his counsel should have requested the exclusion of the subsequent purchases because the government's role in engaging in the additional purchases for cocaine base was "sentencing manipulation."

■ The status of the sentencing manipulation defense, applicable "'when the government engages in improper conduct that has the effect of increasing the defendant's sentence,'" is unsettled in this Circuit. *United States v. Gomez*, 103 F.3d 249, 256 (2d Cir.1997) (declining to determine whether the doctrine of sentencing manipulation is viable in the Second Circuit, but noting that it would require a showing of outrageous government conduct) (*citing United States v. Okey*, 47 F.3d 238, 240 (7th Cir.1995)); *United States v. Caban*, 173 F.3d 89, 93 n. 1 (2d Cir.1999). The court noted in *Caban*, which involved a reverse sting where the government left exactly 50 kilograms of cocaine in a warehouse, which were later stolen by the defendant, that "[i]t is unsettling that in this type of reverse sting, the government has a greater than usual ability to influence a defendant's ultimate Guidelines level and

sentence. It appears to be no coincidence that the [government] chose to place no less than 50 kilograms of real and sham cocaine in the warehouse; in Medina's case, the difference in offense levels between 49.9 kilograms and 50 kilograms under U.S.S.G. § 2D1.1 potentially could entail as much as 78 months of incremental imprisonment." *Id.* at 93.

The government argues that as the defense is unsettled in this Circuit, counsel's failure to press for a downward departure on these bases could not have rendered the representation constitutionally deficient. Gov't Br. at 23 (*citing United States v. Franco*, 825 F.Supp. 1168 (N.D.Ill.1993) (rejecting ineffective assistance claim based on failure to raise sentencing entrapment defense, which had not been recognized in the Seventh Circuit)).

■ The Court finds that even if counsel's failure to raise the defense fell below prevailing professional norms, which is doubtful in light of the unsettled status of the defense, *see, e.g., United States v. Jones*, 918 F.2d 9, 11 (2d Cir.1990), Barnes cannot establish that he was prejudiced by his counsel's failure to make this argument, as his petition does not allege that the government overcame his will, nor would the record support such a claim.[3] As Barnes admitted in his safety valve proffer that he has engaged in selling drugs since 1988 and that he has approximately fifty

---

3. In the related context of "sentencing entrapment," in which the government proposes a crime that carries a penalty higher than the minimum, the Second Circuit has noted that proof of entrapment usually requires that the "defendant convince the factfinder that government agents induced [him] to commit an offense that [he] was not otherwise predisposed to commit." *United States v. Knecht*, 55 F.3d 54, 57 (2d Cir.1995). The court also noted that while the validity of the defense had not been determined in this Circuit, its application was "limited to 'outrageous offi-

cial conduct which overcomes [the defendant's] will.'" *Id.* at 57. The "outrageous conduct" claimed by petitioner is the "overkill" in drug quantity resulting from the agents' delay in arresting defendant and his co-defendants until after a dozen similar drug transactions despite their prior familiarity with defendants and the defendants' involvement in the first three transactions, as well as the undercover agent's demand for cocaine base knowing that defendant customarily dealt powder.

customers in New York and Connecticut to whom he sells *both* powder and crack cocaine, it would have been difficult, if not impossible, for him to also prove that he was not predisposed to sell crack cocaine. The Court also notes that as concurrent 135 month sentences were imposed for the two counts, petitioner is not serving additional time as a result of the government's decision to conduct the two separate drug buys at issue in the Counts to which petitioner pleaded guilty. Under these circumstances, Barnes cannot be said to have shown any prejudice resulting from the failure to raise this defense.

### 5. Scienter element of § 860

■ Petitioner also claims that his counsel was ineffective for failing to challenge the scienter element of § 860. According to Barnes, the sign stating that the area was a school zone was less than 1000 feet from the school, rather than on the boundary of it, and he therefore did not have notice that he was 1000 feet from a school.

However, § 860 does not contain any knowledge requirement. *See United States v. de Velasquez*, 28 F.3d 2, 5 (2d Cir.1994) ("[U]nder 21 U.S.C. § 860(a) a defendant who distributes drugs within 1000 feet of a school is subject to twice the maximum penalties for drug distribution. This is true, regardless of whether he knew or could foresee that he was within the proscribed distance."); *United States v. Falu*, 776 F.2d 46, 50 (2d Cir.1985) (same). Thus, his counsel's failure to make this argument fell below no prevailing professional norm.

### 6. Direct appeal

Petitioner also argues that his counsel was ineffective for pursuing the acceptance of responsibility and safety valve arguments on direct appeal. Although these arguments were rejected by the Second Circuit, Barnes has not alleged any prejudice flowing from the decision to appeal the sentence on those grounds, and no such prejudice is apparent. Therefore, there is no basis for a finding of ineffective assistance of counsel on these grounds.

### 7. Cocaine powder v. cocaine base minimum

■ According to petitioner, his counsel should "have sought the sentencing court to impose prison terms for the controlled substance that carries [the] most lenient statutorily prescribed sentence," here, cocaine powder. Pet. Br. at 17. In support of this proposition, petitioner cites *United States v. Christopher Barnes*, 158 F.3d 662 (2d Cir.1998). That case involved a general verdict following a jury trial for conspiracies to distribute marijuana, crack cocaine and heroin. Because the court could not determine from the general verdict form which controlled substance(s) the jury had found defendant guilty of distributing, the Second Circuit held that the sentencing court should have assumed the conviction was for a conspiracy to possess the controlled substance that carries the most lenient statutorily prescribed sentence. Here, in contrast, this defendant Barnes pleaded guilty to two counts of possession with intent to distribute more than five grams of crack cocaine within 1,000 feet of a public school, and Barnes stipulated in the plea agreement that the government could prove beyond a reasonable doubt that Barnes' conduct and/or the conduct of his co-defendants involved the distribution of between 50 and 150 grams of cocaine base. There is thus no basis for the claim that counsel was ineffective for failing to urge the Court to apply the

Guidelines range for possession of cocaine powder.

### 8. Waiver of right to collateral attack

■ Petitioner also claims that his attorney was ineffective because the plea agreement waived his right to collateral attack of the sentence if he was sentenced within 120 and 121 months. Because petitioner was sentenced to 135 months, however, the waiver did not apply, and petitioner clearly has not suffered any prejudice resulting from the waiver of the right to collateral attack. The Court therefore does not reach the issue of what circumstances, if any, involving advising a defendant to accept such a waiver could be deemed deficient performance on the part of an attorney.

### C. *Apprendi* issue

Petitioner has also filed motions to dismiss pursuant to Rule 12(b) and to expand the record pursuant to Rule 7 governing § 2255 proceedings, on the basis of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Rule 7, however, provides only that "the judge may direct that the record be expanded by the parties by the inclusion of additional materials relevant to the determination of the merits of the motion." Rule 12(b) of the Federal Rules of Criminal Procedure governs *pre-trial* motions, and is thus similarly inapposite. Moreover, if the motions, which raise new legal arguments under *Apprendi*, are viewed as successive petitions, Barnes has not sought nor obtained the required order from the court of appeals authorizing the second petition. *See* 28 U.S.C. § 2255.

The government argues that Barnes cannot raise the *Apprendi* issue now because *Apprendi* is a "new rule" and thus cannot be applied retroactively on collateral review. However, even if the *Apprendi* claim were properly before this Court, *Apprendi* provides no relief for petitioner. In *Apprendi*, the Supreme Court held that any fact other than a prior conviction that increases the penalty for a crime above the prescribed statutory maximum must be submitted to a jury. Where, however, the sentencing factor found by the judge falls within the prescribed statutory maximum, the Second Circuit has interpreted *Apprendi* as not "alter[ing] a sentencing judge's traditional authority to determine those facts relevant to the selection of an appropriate sentence . . . ." *United States v. Garcia*, 240 F.3d 180, 183 (2d Cir.2001). Similarly, in *United States v. Thomas*, 274 F.3d 655, 663 (2d Cir.2001) (en banc), the court repeated that:

> Our holding that drug quantity is an element of a § 841 offense does *not* preclude a district court from considering drug quantity in determining a defendant's relevant conduct for sentencing purposes pursuant to U.S.S.G. § 1B1.3(a) in cases where quantity is not charged in the indictment or found by the jury, so long as the resulting sentence does not exceed the statutory maximum.

■ Here, petitioner pleaded guilty to *two counts of violating 21 U.S.C. §§ 841(a), 841(b)(1)(B) and 860(a)* on two separate occasions, both of which stated that he had "knowingly and intentionally possess[ed] with an intent to distribute and did distribute more than five (5) grams of cocaine base ("crack"), a Schedule II *controlled substance*; and said act did occur within 1,000 feet of real property comprising the Rogers School, a public elementary school . . . ." *See* Indictment, Counts 14, 15. The

Court then imposed two 135 month concurrent sentences for the violations of 21 U.S.C. § 841(a) and 860(a). The statutory maximum penalty for a violation of § 841(b)(1)(B) is forty years. The statutory maximum penalty for violations of § 860(a) is double the penalty under § 841(b). Therefore, the 135 month sentence imposed by the Court falls well within the statutory range, and does not present an issue under *Apprendi. See Thomas,* 274 F.3d at 663; *Garcia,* 240 F.3d 180.[4]

## III. CONCLUSION

For the reasons discussed above, petitioner Vance Barnes' motions to set aside the sentence pursuant to 28 U.S.C. § 2255 [Doc. # 155], to dismiss under Rule 12(b) [Doc. # 170], and for expansion of records [Doc. # 171] are DENIED.

IT IS SO ORDERED.

---

4. The Court also notes that petitioner stipulated that the government could prove beyond a reasonable doubt that "his conduct and/or the conduct of his co-conspirators' in furtherance of jointly undertaken criminal conduct that was known to Vance Barnes, or reasonably foreseeable by him, involved the distribution of between 50 and 150 grams of cocaine base." Stipulation of Offense Conduct. Thus, petitioner cannot claim that the Court improperly determined the quantity of drugs for sentencing. *See United States v. Champion,* 234 F.3d 106, 109–10 (2d Cir.2000).