**UNITED STATES of America, Plaintiff–Appellee–Cross–Appellant,**

v.

**Regina Norman DANSON, Defendant–Appellant–Cross–Appellee.**

Nos. 03–1516, 03–1572.

United States Court of Appeals, Second Circuit.

Nov. 8, 2004.

Dawn M. Cardi, Dawn M. Cardi & Associates, New York, New York, for Appellant.

Ronnie Abrams, Special Assistant United States Attorney for the Eastern District of New York (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York; Peter G. Neiman, Special Assistant United States Attorney), Brooklyn, New York, for Appellee.

Present: OAKES, SACK, and B.D. PARKER, JR., Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

■ Danson raises two double jeopardy arguments on her appeal. First, she claims that the indictment is multiplicitous in violation of the Double Jeopardy Clause. Multiplicity arises where the same crime is charged in separate counts. *United States v. Ansaldi*, 372 F.3d 118, 124 (2d Cir.2004). Danson argues that giving a false statement in violation of 18 U.S.C. § 1001 and committing perjury in violation of 18 U.S.C. § 1621 are not separate offenses. She asserts that, as a result, the indictment was multiplicitous because it charged her under both statutes for each false statement. Danson forfeited this claim, however, by not raising it in the district court. Fed. R.Crim. Proc. 12(b)(3), (e); *see also Aparicio v. Artuz*, 269 F.3d 78, 96 (2d Cir.2001). Danson's argument that her reference to the Double Jeopardy Clause during trial preserves all arguments under that clause on appeal is without merit. To avoid forfeiture of a claim, an appellant must raise that claim, not merely the constitutional clause under which it arises, in the district court.

■ Although Danson forfeited the multiplicity claim by not raising it below, this Court may, at its discretion, review the claim for plain error. Fed. R.Crim. Proc. 52(b); *see also Johnson v. United States,* 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997); *United States v. Gore,* 154 F.3d 34, 41 (2d Cir.1998). The Supreme Court has made clear that the circuit courts should only exercise such discretion if an error " 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.' " *Johnson,* 520 U.S. at 466–67 (quoting *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (alteration in original)). The district court sentenced Danson to time already served in INS detention on each of the four false statements and four perjury charges, to run concurrently. Because erroneous multiplicity, if any, in the indictment did not affect Danson's term of imprisonment, any error did not seriously affect the fairness of the proceedings below. We therefore do not exercise our discretion to review the forfeited claim. *Johnson,* 520 U.S. at 466–67. Danson's first argument on appeal is therefore unavailing.

■ Second, Danson asserts that her criminal trial violated the Double Jeopardy Clause because it exposed her to deportation after the Government had failed to exclude her through immigration proceedings. 8 U.S.C. § 1182(a)(6)(C)(i) provides for the deportation of "[a]ny alien who, by fraud or willfully misrepresenting a material fact, ... sought to procure or has procured ... admission into the United States." Danson's conviction in this case therefore provides a basis for her exclusion.

Danson's claim that her conviction violates the Double Jeopardy Clause raises a question of law and is reviewed de novo. *United States v. Leyland,* 277 F.3d 628, 631 (2d Cir.2002). The Double Jeopardy Clause guards against the imposition of multiple criminal punishments for the same offense. *Hudson v. United States,* 522 U.S. 93, 98–99, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997); *SEC v. Palmisano,* 135 F.3d 860, 864 (2d Cir.1998). Whether a sanction is a criminal punishment is a question of statutory interpretation. *Hudson,* 522 U.S. at 99; *Palmisano,* 135 F.3d at 864. It is settled law that deportation is a civil proceeding and is not considered a criminal punishment, regardless of its harsh consequences. *See Oliver v. United States Dep't of Justice, INS,* 517 F.2d 426, 428 (2d Cir.1975). Danson's second double jeopardy claim therefore fails.

The Court heard oral argument in this case on the morning of October 18, 2004. Apparently, later that same day, Danson's counsel submitted a motion to stay oral argument and appeal based on the claimed discovery of new evidence alleged to show Danson's innocence. Any motion based on new evidence regarding Danson's possible innocence cannot be made to this Court in the first instance. The motion to stay is therefore not properly submitted to this Court and does not affect our review of the district court's judgment.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.