**UNITED STATES of America,**
**Appellee,**

v.

**Victor CLAUDILLO–MARQUEZ, a/k/a**
**Victor Caudillo–Marquez,[2]**
**Defendant–Appellant.**

**No. 05–4102–CR.**

United States Court of Appeals,
Second Circuit.

Jan. 30, 2006.

**2.** Although the judgment appealed from in this case is entered in the name "Victor Claudillo–Marquez," it appears that appellant's name is correctly spelled "Victor Caudillo–Marquez." While we employ the latter spelling in this order, we retain the former in the caption to avoid any confusion with the judgment. We direct the Clerk of the Court to modify the caption to indicate that the appellant is also known as "Victor Caudillo–Marquez."

44

Lawrence Mark Stern, New York, New York, for Appellant.

Deborah Sue Mayer, Assistant United States Attorney (David C. James, Assistant United States Attorney, on the brief), for Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, Brooklyn, New York, for Appellee.

Present: Honorable REENA RAGGI, Honorable PETER W. HALL, Circuit Judges, and Honorable EDWARD R. KORMAN,[1] District Judge.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the district court's judgment of conviction, entered on October 28, 2004, and the court's order, entered on July 19, 2005, declining to resentence the defendant after a remand pursuant to *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005), are hereby AFFIRMED.

Defendant Victor Caudillo–Marquez appeals his conviction, entered on a conditional guilty plea, to being found in the United States after deportation subsequent to an aggravated felony conviction. *See* 8 U.S.C. §§ 1326(a), 1326(b)(2). He asserts that (1) the district court erred in denying his motion to dismiss the indictment in this case because the Section 1326 charge was based on a deportation order obtained in violation of due process; (2) the underlying aggravated felony conviction was unconstitutionally obtained; and (3) his 77–month prison sentence is unreasonable because it is (a) based on an unconstitutional and erroneous application of

1. The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

the Sentencing Guidelines, and (b) excessively harsh. We assume the parties' familiarity with the facts and the record on appeal, which we reference only as necessary to explain our decision.

### 1. *The Due Process Challenge to the Underlying Deportation Order*

Caudillo–Marquez claims that the indictment in this case should have been dismissed because it was based on a deportation order entered in violation of due process. The district court denied Caudillo–Marquez's dismissal motion, finding that he failed to satisfy the administrative exhaustion predicate established by 8 U.S.C. § 1326(d)(1). We review *de novo* the district court's refusal to dismiss the indictment. *See United States v. Copeland,* 376 F.3d 61, 66 (2d Cir.2004); *United States v. Leyland,* 277 F.3d 628, 631 (2d Cir.2002).

A criminal defendant's right to raise a collateral challenge to a deportation order underlying a Section 1326 prosecution is subject to statutory limitations. Specifically, the defendant must demonstrate that (1) he "exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived [him] the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d). This court has ruled that "[s]tatutory exhaustion requirements such as that set forth in § 1326(d) are mandatory, and courts are not free to dispense with them." *United States v. Gonzalez–Roque,* 301 F.3d 39, 47 (2d Cir. 2002) (internal quotation marks omitted). Nevertheless, a failure to exhaust bars collateral review "only where an alien's waiver of administrative review was knowing and intelligent." *United States v. Sosa,* 387 F.3d 131, 136 (2d Cir.2004).

█ In this case, the district court carefully reviewed the record of Caudillo–Marquez's deportation hearing before an Immigration Judge ("IJ") and concluded that, on a number of occasions, Caudillo–Marquez was specifically advised of his right to appeal any adverse ruling of the IJ and that his decision not to pursue appeal was knowing and intelligent. We review these findings for clear error, *see United States v. Calderon,* 391 F.3d 370, 375 (2d Cir. 2004), and find none in this case.

The district court's findings are amply supported by the record. The circumstances here at issue are not akin to those in *United States v. Sosa,* 387 F.3d at 136, where we concluded that an IJ's failure to inform an alien of his right to INA § 212(c) relief precluded a finding of knowing and intelligent waiver of review. Nor is this case analogous to *United States v. Calderon,* 391 F.3d at 375, in which an IJ appeared to have affirmatively misled an alien as to his eligibility for a form of relief. Here, the IJ clearly informed Caudillo–Marquez that, under INA § 212(c), he was eligible for relief from deportation on his 1995 burglary conviction. Nevertheless, the IJ ruled that under INA § 240A, Caudillo–Marquez was not eligible for such relief on his post–1996 convictions. Further, the IJ concluded that an alien could not secure relief under both statutes, which would be necessary for Caudillo–Marquez to avoid deportation. These circumstances do not reflect the IJ misinforming or misleading Caudillo–Marquez as to his eligibility for Section 212(c) relief in a way that excuses his failure to pursue administrative or judicial review. They simply reflect a litigant receiving an adverse ruling at one stage of an administrative process that he knows he has a right to appeal for further review. Caudillo–Marquez had repeatedly been advised of his right to counsel, the potentially serious

consequences of his deportation hearing, and his right to appeal the result of that hearing. He nevertheless stated, in response to an IJ inquiry, that he did not wish to pursue his right to appeal the deportation order to the Board of Immigration Appeals. Therefore, the district court correctly concluded that, under 8 U.S.C. § 1326(d)(1), Caudillo–Marquez had not exhausted his administrative remedies and could not raise a collateral due process challenge to his deportation order as a ground for dismissal of his criminal indictment.[3]

### 2. *The Underlying Burglary Conviction*

■ Caudillo–Marquez submits that the 1995 California felony conviction for burglary, which aggravated his Section 1326 conviction and exposed him to a higher sentencing maximum, was unconstitutionally obtained because his counsel had been ineffective and his guilty plea had not been knowing and voluntary. This challenge is not properly before us on this appeal. Rather, it is the proper subject of a petition for a writ of habeas corpus, subject to the filing limitations imposed by 28 U.S.C. §§ 2254 and 2244(d)(1).

■ More to the point, the argument is foreclosed by *Custis v. United States*, 511 U.S. 485, 496, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), which holds that the only basis for a collateral attack to a prior conviction used to enhance a sentence is denial of the right to appointed counsel as articulated in *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). To the extent Caudillo–Marquez asserts that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), supersedes *Custis*, his argument is unconvinc-

ing. *Apprendi* specifically holds that prior convictions are the one factor increasing maximum penalties that need not be proved beyond a reasonable doubt. *See id.* at 476, 120 S.Ct. 2348; *see also Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although this exception has been criticized, *see, e.g., Shepard v. United States*, 544 U.S. 13, 125 S.Ct. 1254, 1263–64, 161 L.Ed.2d 205 (2005) (Thomas, J., concurring in part and concurring in the judgment), unless and until it is overruled by the Supreme Court, it remains controlling law on this court, *see id.* at 1263 n. 5; *see also United States v. Estrada*, 428 F.3d 387, 390 (2d Cir.2005). Accordingly, *Custis* bars Caudillo–Marquez's collateral challenge to his California burglary conviction.

### 3. *Sentencing Challenges*

We review Caudillo–Marquez's sentencing challenges subsequent to a *Crosby* remand. *See United States v. Crosby*, 397 F.3d 103. The purpose of such a remand is to ascertain whether non-final sentences imposed prior to the Supreme Court ruling in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), manifest plain error under the Sixth Amendment. *See Crosby*, 397 F.3d at 118 (observing that *Booker* Sixth Amendment error is harmless "if the judge decides on remand, in full compliance with now applicable requirements, that ... the sentence would have been essentially the same as originally imposed" if the court had known that the Guidelines were discretionary rather than mandatory). Because the district court concluded on remand "that the original sentence imposed on defendant would not have been materially different"

---

**3.** The government argues that Caudillo–Marquez's collateral challenge to his deportation order was further barred by his inability to demonstrate that "the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d)(3). Because we affirm the district court's ruling on exhaustion grounds, we need not address this alternative argument.

if it had known the Guidelines to be advisory, this case presents us with no plain error. Accordingly, to the extent Caudillo–Marquez challenges his sentence on appeal, our review is now limited to an assessment of reasonableness. *See United States v. Booker*, 125 S.Ct. at 766–67.

Reasonableness review has two components: (1) procedural reasonableness, whereby we consider such factors as whether the district court properly (a) identified the Guidelines range supported by the facts found by the court, (b) treated the Guidelines as advisory, and (c) considered the Guidelines together with the other factors outlined in 18 U.S.C. § 3553(a); and (2) substantive reasonableness, whereby we consider whether the length of the sentence is reasonable in light of the factors outlined in 18 U.S.C. § 3553(a). *United States v. Crosby*, 397 F.3d at 114–15.

■ Caudillo–Marquez contends that his sentence is procedurally unreasonable because the district court unconstitutionally and erroneously calculated his Guidelines range. Specifically, he submits that his 1995 residential burglary conviction was not a "crime of violence" warranting a 16–level enhancement under the Guidelines in effect in 2002 when he committed the Section 1326 crime of conviction.[4] He is wrong.

As amended in November 2001 (and effective in 2002), Application Note 1(B)(ii) to U.S.S.G. § 2L1.2 defined a crime of violence as:

> (I) ... an offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another; and

(II) includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses ... and *burglary of a dwelling.* (emphasis added). Caudillo–Marquez submits that the two cited sections must be read in conjunction, so that a residential burglary crime cannot be deemed one of violence unless the use, attempted use, or threatened use of physical force against a person is an element of required proof. We disagree. The word "includes" at the start of Part II plainly indicates that the specified crimes constitute *per se* crimes of violence, without regard to whether force is an element. It is with respect to all non-listed federal, state, or local offenses that a court looks for the use of force to identify the crime as one of violence. *See United States v. Vargas–Garnica*, 332 F.3d 471, 473–74 (7th Cir.2003); *see also United States v. Pereira–Salmeron*, 337 F.3d 1148, 1151–52 (9th Cir.2003); *United States v. Fuentes–Rivera*, 323 F.3d 869, 871–72 (11th Cir.2003); *United States v. Gomez–Hernandez*, 300 F.3d 974, 978–79 (8th Cir.2002); *see generally Chery v. Ashcroft*, 347 F.3d 404, 408 (2d Cir.2003) (noting general recognition of residential burglary as crime of violence). Thus, there is no merit to defendant's procedural challenge.

■ Similarly without merit is Caudillo–Marquez's argument that the length of his sentence is substantively unreasonable. "Because 'reasonableness' is inherently a concept of flexible meaning," *United States v. Crosby*, 397 F.3d at 115, the reasonableness standard of review is necessarily "deferential," *United States v. Canova*, 412 F.3d 331, 350 (2d Cir.2005). Although this court has recognized the possibility that a sentence within prescribed statutory limits may, nevertheless, "exceed the bounds of

---

4. To the extent Caudillo–Marquez contends that he was not, in fact, convicted of the aggravated felony of residential burglary, his argument is conclusively refuted by the charging instrument and plea transcript in his California case. *See Shepard v. United States*, 125 S.Ct. at 1263.

'reasonableness,'" we have emphasized that "we anticipate encountering such circumstances infrequently." *United States v. Fleming,* 397 F.3d 95, 100 (2d Cir.2005). This is not one of those rare cases. Caudillo–Marquez's record of 31 arrests and 22 prior convictions, his history of violating probation and an order of protection, and his commission of crimes even after his unlawful reentry into the United States after deportation demonstrate a disturbing and persistent pattern of recidivism that precludes characterization of the district court's 77–month sentence as unreasonable.

Both the October 28, 2004 judgment of conviction and the district court's July 19, 2005 judgment declining to resentence defendant are hereby AFFIRMED.