23-7808-cr
United States v. Brown

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of October, two thousand twenty-four.

PRESENT:  BARRINGTON D. PARKER,
                GERARD E. LYNCH,
                RAYMOND J. LOHIER, JR.,
                  *Circuit Judges*.

--------------------------------------------------------------------

UNITED STATES OF AMERICA,

       *Appellee*,

    v.                                      No. 23-7808-cr

MICHAEL BROWN,

       *Defendant-Appellant*,

ANDREW LLOYD,

       *Defendant*.

--------------------------------------------------------------------

FOR APPELLEE:                                   Matthew Weinberg, Olga I.
                                                Zverovich, Assistant United
                                                States Attorneys, *for* Damian
                                                Williams, United States
                                                Attorney for the Southern
                                                District of New York, New
                                                York, NY

FOR DEFENDANT-APPELLANT:                         Stephen R. Cochell, The
                                                Cochell Law Firm, P.C.,
                                                Houston, TX

Appeal from an order of the United States District Court for the Southern District of New York (Katherine Polk Failla, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court is AFFIRMED.

Defendant-Appellant Michael Brown appeals from an order denying his motion to dismiss an indictment entered on November 15, 2023 in the United States District Court for the Southern District of New York (Failla, *J.*). This matter stems from a 2017 civil action filed in the Northern District of Illinois ("NDIL") by the Federal Trade Commission ("FTC") against Brown, alleging violations of certain consumer protection statutes. The FTC eventually referred Brown's conduct to the United States Attorney's Office for the Southern District of New York ("SDNY"), which opened a criminal investigation. Brown was first indicted on October 1, 2020, and a superseding indictment was filed on

November 10, 2022.  He moved to dismiss the superseding indictment on double jeopardy grounds.  The District Court denied Brown's motion.  This interlocutory appeal followed.  We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

## I.     Background

The FTC's lawsuit in the NDIL charged Brown, several co-conspirators, and the Credit Bureau Center, LLC ("CBC"), which Brown owned and operated, with violating provisions of the Federal Trade Commission Act (FTCA), 15 U.S.C. § 45(a), and the Restore Online Shoppers' Confidence Act (ROSCA), 15 U.S.C. § 8403.  After preliminarily enjoining the defendants, the NDIL court granted summary judgment in favor of the FTC and ordered Brown and his co-defendants to pay $5,260,671.36 in restitution, pursuant to section 13(b) of the FTCA.  15 U.S.C. § 53(b).  On appeal, the Seventh Circuit vacated the restitution order, holding that "section 13(b) does not authorize restitutionary relief."  *F.T.C. v. Credit Bureau Ctr., LLC*, 937 F.3d 764, 767 (7th Cir. 2019).  In doing so, the Seventh Circuit acknowledged that it was abrogating its longstanding precedent that section 13(b) authorized such relief.  *Id.*  On remand to the NDIL court, the

3

FTC moved to amend the judgment in light of the change in law. Fed. R. Civ. P. 59(e). The NDIL court reimposed restitution under section 5 of ROSCA, 15 U.S.C. § 8404, and section 19 of the FTCA, 15 U.S.C. § 57b, in lieu of section 13(b). The Seventh Circuit affirmed the amended judgment in relevant part. *F.T.C. v. Credit Bureau Ctr., LLC*, 81 F.4th 710, 714 (7th Cir. 2023).

## II.      Discussion

In moving to dismiss the indictment against him in the criminal action in the SDNY, Brown argues that the criminal prosecution was foreclosed by the FTC's prior civil proceeding in the NDIL action and the nature of the penalties originally imposed in that action. We review "*de novo* the district court's denial of a motion to dismiss an indictment on double jeopardy grounds." *United States v. Leyland*, 277 F.3d 628, 631 (2d Cir. 2002). The Double Jeopardy Clause "does not prohibit the imposition of all additional sanctions that could, in common parlance, be described as punishment." *Hudson v. United States*, 522 U.S. 93, 98–99 (1997) (quotation marks omitted). It "protects only against the imposition of multiple *criminal* punishments for the same offense." *Id.* at 99.

To determine whether the penalty in the NDIL action is civil or criminal, we first ask "whether the legislature, in establishing the penalizing mechanism,

4

indicated either expressly or impliedly a preference for one label or the other."

*S.E.C. v. Palmisano*, 135 F.3d 860, 864 (2d Cir. 1998) (quotation marks omitted). If the legislature intended a civil penalty, we "must then ask whether the statutory scheme is 'so punitive either in purpose or effect,' as to 'transfor[m] what was clearly intended as a civil remedy into a criminal penalty.'" *Id.* (quoting *Hudson*, 522 U.S. at 99).

Although the District Court determined that the penalties authorized by section 19 of the FTCA and section 5 of ROSCA and reflected in the amended civil judgment are civil in nature, Brown urges us to focus on section 13(b) of the FTCA, the provision under which the NDIL court originally imposed restitution. Brown argues, first, that section 13(b) does not authorize restitution at all, and second, that the FTC acted in "bad faith" when it moved for restitution under section 13(b) and thereby rendered the restitution order a criminal penalty.

Brown's argument fails for three primary reasons. First, as the District Court noted, the double jeopardy inquiry turns on *Congress's* intent in enacting the punitive scheme, not the FTC's intent in seeking the restitution order against Brown under section 13(b). *Id.* Second, even if the FTC's intent were relevant, Brown fails to show that the FTC acted in bad faith. To the contrary, the FTC

relied on a longstanding legal consensus, including in this Court, that section 13(b) authorized restitution. *See F.T.C. v. Bronson Partners, LLC*, 654 F.3d 359, 365 (2d Cir. 2011). Though the Supreme Court ultimately approved the Seventh Circuit's revised view of section 13(b), *AMG Cap. Mgmt., LLC v. FTC*, 593 U.S. 67, 70 (2021), the FTC cannot be found to have acted in bad faith for seeking a remedy that existing law approved, particularly since the relief sought was justified, albeit under different statutory authority. Third, the NDIL court's amended judgment imposes restitution on Brown under section 19 of the FTCA and section 5 of ROSCA, *not* section 13(b). *F.T.C. v. Credit Bureau Ctr., LLC*, No. 17-CV-194, 2021 WL 4146884, at *1–2 (N.D. Ill. Sept. 13, 2021). Although Brown contends that the FTC's mere initial attempt to rely on section 13(b) to impose restitution constitutes punishment that implicates double jeopardy, we disagree. It is true that in "cases where the civil proceeding follows the criminal proceeding," and where the civil proceeding imposes what amounts to a criminal punishment, the very attempt to do so may implicate double jeopardy. *Hudson*, 522 U.S. at 102. But here the FTC's civil proceeding ultimately resulted in a civil rather than a criminal penalty, and the fact that the restitution order was originally imposed under section 13(b) is irrelevant to our inquiry.

That Congress intended to create a civil sanction does not end the inquiry, however.  We must also ask "whether the statutory scheme is 'so punitive either in purpose or effect,' as to 'transfor[m] what was clearly intended as a civil remedy into a criminal penalty.'"  *Palmisano*, 135 F.3d at 864 (quoting *Hudson*, 522 U.S. at 99).  The District Court applied the factors listed in *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168–69 (1963), and concluded that Brown failed to show by "the clearest proof" that the NDIL court's orders constituted criminal punishment, *Hudson*, 522 U.S. at 100 (quotation marks omitted).

Brown argues that the financial restrictions imposed as part of the District Court's preliminary injunction amounted to "house arrest."  Appellant's Br. 30.  But the injunction entitled Brown to ask the court to loosen the financial restrictions if he found them too severe, and he elected not to do so.  Brown separately argues that there is no rational justification for granting an injunction or for restitution under the relevant provisions of the FTCA and ROSCA other than to impose a criminal penalty.  But he ignores the fact that these statutory provisions have as their objectives to "redress injury to consumers," 15 U.S.C. § 57b(b), and to protect consumer confidence, 15 U.S.C. § 8401(2)-(3), not to exact

7

criminal punishment.  The injunction and the restitution order further these civil

objectives.

## III.    Conclusion

We have considered Brown's remaining arguments and conclude that they

are without merit.  For the foregoing reasons, the order of the District Court is

AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court