**UNITED STATES of America, Appellee,**

v.

**Mark LaVALLEY, Defendant–Appellant.**

**No. 1711, Docket 93–1104.**

United States Court of Appeals, Second Circuit.

Argued June 16, 1993.

Decided July 26, 1993.

**664**

Paul S. Kulig, Rutland, VT (Keyser, Crowley & Meub, P.C., of counsel), for defendant-appellant.

Gary G. Shattuck, Asst. U.S. Atty. D. Vt., Rutland, VT (Charles A. Caruso, U.S. Atty., David V. Kirby, Chief, Crim. Div., of counsel), for appellee.

Before: KEARSE, PRATT and MINER, Circuit Judges.

MINER, Circuit Judge:

Defendant-appellant Mark L. LaValley appeals from a judgment of conviction and sentence entered in the United States District Court for the District of Vermont (Billings, J.) following his plea of guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(C) (1988). The district court found LaValley to be "a steerer or a facilitator" and for that reason rejected his claim that he was a minor participant in the offense. Accordingly, the district court denied LaValley's application, made pursuant to U.S.S.G. § 3B1.2(b), for a two-level reduction in his base offense level. LaValley was sentenced to a term of imprisonment of fifteen months to be followed by a three-year term of supervised release. For the reasons that follow, the sentence is vacated, and the case is remanded to the district court for an assessment of LaValley's role in the offense and for resentencing.

## BACKGROUND

On October 24, 1991, an undercover police officer from the Southern Vermont Drug Task Force went to LaValley's Brattleboro, Vermont apartment to purchase cocaine. LaValley and the officer left the apartment and drove, at LaValley's direction, to another residence, where LaValley obtained 3.45 grams of cocaine for the officer. On December 5, 1991, the officer again went to LaValley's apartment for the purpose of purchasing cocaine. LaValley was unable to obtain any cocaine for the officer to buy on that occasion, so LaValley enlisted the help of his friend, Darrell Miller. LaValley, Miller and the officer proceeded to a Brattleboro bar, where Miller obtained 2.93 grams of cocaine from Jeanette Kellom to give to the officer. After completing the transaction, Miller informed the officer that he should contact LaValley for future purchases of cocaine and that LaValley would contact Miller to make the necessary arrangements. Miller told the officer that it was necessary to follow a "chain of command" when ordering cocaine. On December 11, 1991, LaValley, Miller and the officer went to see Kellom at her apartment in search of a quarter of an ounce of cocaine. Together, they drove to a location where Kellom believed she could obtain cocaine, but they were unsuccessful in their endeavor.

In July of 1992, LaValley, Miller, Kellom and another were indicted for conspiracy to

distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(C), and for distributing cocaine to an undercover police officer, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2. In October of 1992, LaValley pled guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine.

At a sentencing hearing held on February 8, 1993, LaValley sought a two-level reduction in his base offense level, pursuant to U.S.S.G. § 3B1.2(b), for his role as a minor participant in the offense. LaValley did not dispute the facts outlined in the Presentence Report but contended that, in comparison with his codefendants, who participated in later sales involving an additional twenty-seven grams of cocaine, he was a minor participant. The government argued that LaValley was disclosed to be a full participant in the sales in which he was involved and that he acted as a steerer or a facilitator in those sales. The district court denied LaValley's request for a minor participant reduction, stating:

> We find that your activity here does not warrant a reduction for minor participation, in that under the cases by the Second Circuit, that if one is a steerer or a facilitator, that this adjustment does not apply. We have in mind *United States v. Adams* [sic].... And, hence, no specific characteristics do apply.

Sentencing Transcript, Feb. 8, 1993, at 18 (citation omitted).

Based upon the amount of cocaine that LaValley distributed or negotiated to distribute, the district court determined that his base offense level was twelve. After finding that LaValley had accepted responsibility for his offense, the district court reduced his base offense level by two levels. It then determined that LaValley had a criminal history category of IV, resulting in a Guidelines sentencing range of fifteen to twenty-one months. LaValley was sentenced to a prison term of fifteen months.

## DISCUSSION

LaValley principally argues that the district court erred in finding that he could not

be classified as a minor participant and thus receive a two-level reduction in his base offense level, pursuant to U.S.S.G. § 3B1.2(b), because of his role as a steerer or a facilitator. Section 3B1.2(b) provides that a defendant's base offense level may be reduced by two levels "[i]f the defendant was a minor participant in any criminal activity." U.S.S.G. § 3B1.2(b). Application note 3 to that section defines "minor participant" as "any participant who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, application note 3. The commentary further specifies that the adjustment "involves a determination that is heavily dependent upon the facts of the particular case." *Id.* § 3B1.2, background.

■ To obtain a sentence reduction for being a "minor participant," a defendant has the burden of establishing "by a preponderance of the evidence that he or she is entitled to a reduction due to his or her reduced level of culpability." *United States v. Soto*, 959 F.2d 1181, 1187 (2d Cir.1992). We previously have held that "[s]ection 3B1.2 applies to a defendant who was 'substantially less culpable than the average participant' in the offense [and that] ... a 'lack of knowledge or understanding of the scope and structure of the enterprise' is indicative of a minor or minimal role." *United States v. Adames*, 901 F.2d 11, 13 (2d Cir.1990) (citation omitted) (quoting U.S.S.G. § 3B1.2, background & application note 1). Such a lack of knowledge or understanding is essential to a finding of minimal role, *see* U.S.S.G. § 3B1.2, application note 1, and is a relevant factor to be considered in reaching a finding of minor role.

■ Although the district court initially made a factual finding that LaValley was "a steerer or a facilitator" in the conspiracy, it never proceeded to determine whether LaValley's role as a steerer or a facilitator in this case made him "substantially less culpable than" his codefendants. *See* U.S.S.G. § 3B1.2, background. Rather, the district court found, apparently as a matter of law, that LaValley could not be a minor participant *because* he was a steerer or a facilitator.

**666**

The district court misapplied our decision in *Adames* to support its conclusion that steerers or facilitators never may receive a minor participant reduction. In *Adames*, we found that the defendant was "substantially more culpable than the other participant" because the other participant "only carried the money" to the location of the drug transaction, whereas the defendant "negotiated the purchase of the heroin and attempted to carry out the transaction." *Adames*, 901 F.2d at 13. Although we affirmed the district court's finding that Adames' role as a steerer or a facilitator was not minor as compared to the part played by his codefendant, we did not hold that a steerer or a facilitator never may receive a reduction pursuant to section 3B1.2.

The government concedes that a steerer or a facilitator may receive a section 3B1.2 reduction in an appropriate case. However, it urges that we affirm LaValley's sentence because Judge Billings' statement at sentencing was a factual finding, rather than a legal conclusion, when considered in the context of the entire sentencing proceeding. We disagree. A suggestion that the law of this Circuit precludes steerers or facilitators from having minor role status is *not* " 'a simple misstatement not affecting the sentence.' " *See United States v. Lopez*, 937 F.2d 716, 728 (2d Cir.1991) (quoting *United States v. Campuzano*, 905 F.2d 677, 681 (2d Cir.), *cert. denied*, 498 U.S. 947, 111 S.Ct. 363, 112 L.Ed.2d 326 (1990)).

On remand, the district court must make a factual determination as to whether LaValley's role as a steerer or a facilitator was that of a minor participant so as to warrant a sentence reduction pursuant to U.S.S.G. § 3B1.2(b). Nothing in the foregoing is to be taken to indicate that we have an opinion one way or the other in the matter.

## CONCLUSION

LaValley's sentence is vacated and the case is remanded to the district court for further proceedings consistent herewith.