**UNITED STATES of America, Appellee,**

v.

**Stephen NEILS, Defendant–Appellant.**

**Docket 97–1645.**

United States Court of Appeals,
Second Circuit.

Submitted Aug. 25, 1998.

Decided Sept. 22, 1998.

Michael P. Delaney, Albany, NY, for Defendant–Appellant.

Bernard J. Malone, Jr., Assistant U.S. Attorney for the Northern District of New York, Albany, NY (Thomas J. Maroney, United States Attorney, Minerva John, Law Student Intern, on the brief), for Appellee.

Before: MESKILL, WALKER, and SACK, Circuit Judges.

PER CURIAM:

Defendant-appellant Stephen Neils appeals from a judgment of conviction and sentence entered in the United States District Court for the Northern District of New York (Lawrence E. Kahn, *District Judge* ) following his plea of guilty to a one-count conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846(1). The district court held that, as a "steerer," Neils's role was neither minimal nor minor, and therefore he was not eligible for a downward adjustment of the offense level under U.S.S.G. § 3B1.2. Neils appeals this ruling.

On September 6, the appellant met a confidential informant at a prearranged location in Troy, New York. Driving their own vehicles, appellant instructed the confidential informant to follow him to a location in downtown Troy. Appellant parked his car across the street from the Ricon Latino Restaurant, which he identified as belonging to his supplier, Joseph Aponte. Appellant then told the confidential informant to follow him to a Stewart's convenience store. Five minutes later, Aponte arrived, and appellant and Aponte walked to Aponte's apartment and shortly thereafter returned to appellant's vehicle where Aponte handed 12.9 grams of 70% pure cocaine base to the confidential informant in exchange for $550.

Three days later, appellant and the confidential informant met again, and walked to the same convenience store. Appellant then walked to Aponte's apartment and returned with Aponte 25 minutes later. Aponte and appellant entered a vehicle, where the confidential informant had been waiting, and Aponte handed the confidential informant 18.8 grams of cocaine base of 69% purity in exchange for $1000. Upon completing the purchase, appellant and the confidential informant drove to the appellant's apartment, where the confidential informant dropped off the appellant.

Appellant's sole argument on appeal is that the district court erred in failing to give him a downward adjustment for his role in the offense. Appellant claims that his limited role in the crack-cocaine sale compared to the others entitled him to a three or four level downward adjustment for minimal participation under U.S.S.G. § 3B1.2(a), or at least a two level downward adjustment for minor participation under U.S.S.G. § 3B1.2(b).

To the extent that appellant argues that he is entitled to a reduction in the offense base level under U.S.S.G. § 3B1.2 solely upon a finding that he is less culpable than the co-defendants, he is wrong. Under U.S.S.G. § 3B1.2, the district court is required to gauge the appellant's culpability relative to the elements of the offense of conviction as well as in relation to the co-conspirators. *See United States v. Ajmal,* 67 F.3d 12, 18 (2d Cir.1995); *United States v. Pena,* 33 F.3d 2, 3 (2d Cir.1994); *United States v. Lopez,* 937 F.2d 716, 728 (2d Cir. 1991). If participation in the offense were measured solely in relation to the co-defendants, the anomaly would arise that a deeply involved participant would be rewarded with a downward adjustment, just because his co-defendants were even more culpable. *See Lopez,* 937 F.2d at 728.

Appellant is admittedly a "steerer," namely a go-between who steers customers to the supplier. As we stated in *United States v. Colon,* 884 F.2d 1550, 1552 (2d Cir.1989), " 'Steerers' play an important role in street-level drug transactions, directing buyers to sellers in circumstances in which the sellers attempt to conceal themselves

from casual observation. Without 'steerers,' buyers would either find it difficult to locate sellers or sellers would have to risk exposure to public view." As a result, a "steerer" cannot be considered a "minimal participant" in the rather typical street-level distribution scheme. *See id.*

In this typical street-level drug transaction, where the appellant clearly and admittedly has acted as a "steerer," the district court was fully justified in finding that the participation is not "minimal," and to refuse a downward adjustment under U.S.S.G. § 3B1.2(a).

■ The district court erred, however, in refusing a downward adjustment for "minor participation" under U.S.S.G. § 3B1.2(b) solely upon a finding that the appellant was a "steerer." In addressing the issue at the time of appellant's sentencing the district court said: "As I understand what a steerer is, it's certainly not that minor of a role. And the court is gonna deny the defendant's requested motion and note the exception."

Although in a typical street-level drug transaction, a "steerer" will normally not be so minimally involved as to be entitled to downward adjustment under U.S.S.G. § 3B1.2(a), the district court is required to make a factual determination as to whether the "steerer's" role in the crime at hand is "minor," warranting a sentence reduction pursuant to U.S.S.G. § 3B1.2(b). The district court's failure to inquire further into the appellant's role and make that determination places this case squarely within the ambit of *United States v. LaValley*, 999 F.2d 663, 666 (2d Cir.1993), where we held that the district court misconstrued the law when it concluded categorically that "steerers or facilitators never may receive a minor participant reduction."

Because the district court failed to inquire beyond appellant's role as a "steerer" in applying U.S.S.G. § 3B1.2(b), we must vacate Neils's sentence and remand the case to the district court for resentencing.