UNITED STATES of America,
Appellee,

v.

Prince WOODARD and Vere
Padmore, Defendants,

and

James Woodard, Defendant–Appellant.

No. 02–1415.

United States Court of Appeals,
Second Circuit.

May 12, 2003.

Philip Katowitz, New York, New York, for Appellant.

Jack Smith, Assistant United States Attorney, New York, New York (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Cecil C. Scott, Assistant United States Attorney, on the brief), for Appellee.

Present: FEINBERG, MESKILL, and JACOBS, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Defendant James Woodard ("Woodard") appeals from a final judgment, entered after a jury trial in the United States District Court for the Eastern District of New York (Block, *J.*), convicting him of one count of conspiracy to commit robbery and one count of robbery, both in violation of 18 U.S.C. § 1951, and sentencing him to (*inter alia*) concurrent terms of 137 months in prison. On appeal, Woodard raises a number of contentions.

█ Woodard complains that it was reversible error to allow the co-conspirator to identify him at trial without a formal lineup procedure. "A defendant does not have a constitutional right to a line-up; his request is addressed to the trial court's sound discretion." *United States v. Brown,* 699 F.2d 585, 593 (2d Cir.1983). In fact, "an in-court identification without [any] prior line-up or hearing [does not] necessarily violate a defendant's rights." *Id.* at 593–94. As long as any "identification procedures used prior to trial were not unduly suggestive, questions as to the reliability of a[n] in-court identification affect only the identification's weight, not its admissibility." *United States v. Matthews,* 20 F.3d 538, 547 (2d Cir.1994).

Here, suggestiveness was adequately minimized by an identification procedure conducted outside the jury's presence whereby the defendant and a number of other African–American males were dispersed throughout the audience section of the courtroom; only after the defendant was identified in this way was the witness allowed to identify Woodard in front of the jury. This procedure was adequate. *See Matthews,* 20 F.3d at 547 (stating that proper procedures include seating defendant in courtroom but not at defense counsel's table during witness's identification testimony). A formal lineup procedure is unnecessary where "relatively minor steps [are taken] to ensure that the identification [i]s not unfair." *United States v. Archibald,* 734 F.2d 938, 942 (2d Cir.1984). *See Brown,* 699 F.2d at 594 (stating that ideal practice involves use of either a line-up "or an appropriate protective procedure").

█ Woodard claims that the district court erroneously enhanced his sentence on the ground that the use of firearms by co-conspirators was foreseeable to him. Woodard relies on (1) testimony that he did not take an active role in planning the robbery, and (2) the jury's finding that the government failed to prove beyond a reasonable doubt that he was guilty of either possessing a weapon or of being part of a conspiracy to possess a weapon. This reliance is misplaced.

At the sentencing of a defendant convicted of a conspiracy charge, relevant conduct includes (*inter alia*) "all reasonably foreseeable acts" of co-conspirators performed "in furtherance of" the conspiracy. *See* United States Sentencing Guidelines Manual ("U.S.S.G." or the "Guidelines") § 1B1.3(a)(1)(A) and (B) (2002). We accept the district court's factual findings as to sentencing factors unless clearly erroneous, and give due deference to the application of those facts to the Guidelines. 18 U.S.C. § 3742(e)(4); *see also United States v. Medina*, 74 F.3d 413, 417 (2d Cir.1996) ("The factual findings of a sentencing court that bear upon reasonable foreseeability are reviewed by this Court for clear error.").

There was ample evidence to support the finding that the use of firearms was foreseeable to Woodard, including (1) the violent nature of the planned robbery itself (which entailed a group of ski-masked robbers entering a jewelry store, smashing display cases and snatching jewelry while store employees and security were present), *see Medina*, 74 F.3d at 417 ("[I]t is hard to imagine that [the robbery] plan called for the ski-masked co-conspirators to burst into the construction company's offices and shout, 'Give me your money or ... I will think ill of you!' "); and (2) co-conspirators' testimony as to prior use of guns and the visibility of guns prior to the start of the robbery. The jury verdict under the "reasonable doubt" standard does not necessarily undermine the district court's finding as to the "preponderance of the evidence." *See United States v. Watts*, 519 U.S. 148, 157, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997).

■ Woodard's next argument is that the district court erred in not granting a downward adjustment by reason of his minor role in the offense. Woodard was required to show by a preponderance of the evidence that he was "less culpable than most other participants" in the crime of conviction, U.S.S.G. § 3B1.2(b), with culpability "gauged relative to the elements of the offense of conviction, not simply relative to co-perpetrators," *United States v. Ajmal*, 67 F.3d 12, 18 (2d Cir. 1995) (quoting *United States v. Pena*, 33 F.3d 2, 3 (2d Cir.1994)). The evidence reflects that Woodard entered the jewelry store with his co-conspirators, destroyed jewelry cases, stole property, and transported at least one co-conspirator to and from the robbery. This evidence is sufficient to support the district court's ruling.

■ Woodard's final claim is that the district court erred in assigning criminal history points for a state sentence (for possession of stolen property) that was imposed after conviction, but prior to sentencing, for the instant offense. U.S.S.G. § 4A1.2 provides which "prior sentences of imprisonment" can be used in calculating a defendant's criminal history category. U.S.S.G. 4A1.2(e). This provision "is not directed at the chronology of the conduct, but the chronology of the sentencing." *United States v. Espinal*, 981 F.2d 664, 668 (2d Cir.1992). Thus, a district court may "count[ ] a prior sentence imposed for conduct that occurred after the conduct for the instant offense had commenced," *id.* at 668, as long as the prior sentence (1) "was for conduct other than conduct that was part of the instant offense," and (2) was imposed "*prior to sentencing* on the instant offense," U.S.S.G. § 4A1.2 cmt. n. 1 (emphasis added).

It is undisputed that Woodard's state sentence for possession of stolen property was unrelated to the instant offense, and that this state sentence was imposed prior to the instant sentencing. It was therefore not error to count the state sentence toward Woodard's criminal history in the instant case.

Woodard's *pro se* brief raises no meritorious issue.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED**.