**UNITED STATES of America,
Appellee,**

v.

**Choudhary Mohamed RIAZ,
Defendant–Appellant.**

**No. 03–1329.**

United States Court of Appeals,
Second Circuit.

Jan. 14, 2004.

Lee Ginsberg, Freeman, Nooter & Ginsberg, New York, NY, for Appellant.

Carolyn Pokorny, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney, on the brief, and Emily Berger, Assistant United States At-

---

torney), Eastern District of New York, New York, NY, for Appellee, of counsel.

Present: CABRANES, RAGGI, Circuit Judges and MUKASEY, District Judge.[*]

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is *AFFIRMED*.

Defendant appeals from a May 22, 2003 judgment of the United States District Court for the Eastern District of New York (Sterling Johnson, Jr., *Judge*) sentencing him to 33 months of imprisonment on each of six counts of wire fraud, to run concurrently, as well as three years of supervised release, a $600 special assessment, and approximately 1.2 million dollars in restitution. On appeal, defendant argues that the District Court erred in denying him a two-point minor-role reduction under United States Sentencing Guidelines § 3B1.2.

We review for clear error the District Court's finding that a defendant did not play a minor role in the offense for the purposes of § 3B1.2. *United States v. Castano*, 234 F.3d 111, 113 (2d Cir.2000). Defendant bears the burden of proving by a preponderance of the evidence that he is entitled to a minor-role reduction. *Id.* Moreover, where, as here, the defendant did not raise his arguments before the District Court, his allegations of District Court error in sentencing must withstand the "full rigor of traditional plain error review." *United States v. Gordon*, 291 F.3d 181; 191 (2d Cir.2002).

Defendant's arguments on appeal fail to meet this heavy burden. His objection that his role is minor in comparison with others involved in the wire fraud ring is unavailing, because his relationship to the other participants is only one factor among many that may influence the scope of a particular defendant's role in an enterprise. *See United States v. Garcia*, 920 F.2d 153, 155 (2d Cir.1990) (holding that the scope of a participant's role in an enterprise is not simply a matter of status or title, but must be determined "in the context of the facts of the case," including, *inter alia*, "the nature of the defendant's relationship to other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise"); *see also United States v. Pena*, 33 F.3d 2, 3 (2d Cir.1994); *United States v. Shonubi*, 998 F.2d 84, 90 (2d Cir.1993). Accordingly, even if defendant proved, as he alleges, that others were more culpable than he, he would not have established his entitlement to a minor-role adjustment. *See Pena*, 33 F.3d at 3.

. Defendant's further argument that he is entitled to a minor-role adjustment because his involvement in the crime ring's use of sophisticated means, which led to a sentencing enhancement, was minimal, is unsupported by the facts in the record. His remaining arguments are equally unavailing.

The judgment of the District Court is **AFFIRMED.**

[*] The Honorable Michael B. Mukasey, Chief Judge of the United States District Court for the Southern District of New York, sitting by designation.