08-4318-cr
United States v. Vasquez

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of February, two thousand ten.

PRESENT:
> GUIDO CALABRESI,
> REENA RAGGI,
> > *Circuit Judges*,
> JOHN G. KOELTL,*
> > *District Judge*.

------------------------------------------------------------------------

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                  No. 08-4318-cr

JESUS DUARTE, also known as NOLO, TITO MEJIA,

> *Defendants*,

FRANKLIN A. VASQUEZ, also known as GRINGO,

> *Defendant-Appellant*.

------------------------------------------------------------------------

APPEARING FOR APPELLANT:          JAMES E. NEUMAN, New York, New York.

---

\* District Judge John G. Koeltl of the United States District Court for the Southern District of New York, sitting by designation.

APPEARING FOR APPELLEE:                    WALTER M. NORKIN, Assistant United
                                           States Attorney (Elizabeth J. Kramer,
                                           Assistant United States Attorney, *on the
                                           brief*), *on behalf of* Benton J. Campbell,
                                           United States Attorney for the Eastern
                                           District of New York, Brooklyn, New
                                           York.

Appeal from the United States District Court for the Eastern District of New York (Frederic Block, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on August 19, 2008, is AFFIRMED.

Defendant Franklin A. Vasquez pleaded guilty to conspiring to possess with intent to distribute five kilograms or more of cocaine, see 21 U.S.C. § 846, and distributing or possessing with intent to distribute five hundred grams or more of cocaine, see id. § 841(a)(1). Sentenced principally to two concurrent terms of 70 months' imprisonment, Vasquez challenges the reasonableness of this sentence based on alleged procedural error, specifically, the district court's decision not to grant him a mitigating minor role adjustment in the calculation of his Sentencing Guidelines without adequate factfinding. See U.S.S.G. § 3B1.2. To the extent the district court's decision to deny the requested role adjustment rests on findings of fact, we review for clear error; to the extent it rests on legal conclusions, our review is de novo.[1] See United States v. Gotti, 459 F.3d 296, 349 (2d Cir. 2006); United

_____

[1] While acknowledging the existence of some ambiguity about the applicable standard of review, see United States v. Labbe, 588 F.3d 139, 145 n.2 (2d Cir. 2009), we conclude that these elementary principles govern our review.

2

States v. Burgos, 324 F.3d 88, 91 & n.2 (2d Cir. 2003). We will remand for further factfinding if we are "unable to discern from the record the basis of the district court's ruling." United States v. Jeffers, 329 F.3d 94, 102 (2d Cir. 2003) (internal quotation marks omitted). In applying these standards, we assume familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

A defendant seeking a minor role adjustment must demonstrate by a preponderance of the evidence that he was "substantially less culpable than the average participant" in the crime of conviction. U.S.S.G. § 3B1.2(b), Application Note 3(A); see also United States v. Castano, 234 F.3d 111, 113 (2d Cir. 2000). Relevant factors include "the nature of the defendant's relationship to other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise." United States v. Yu, 285 F.3d 192, 200 (2d Cir. 2002) (internal quotation marks omitted).

The district court declined to afford Vasquez the requested mitigating role adjustment, noting his receipt of a "very substantial amount of cocaine," totaling at least five kilograms, Sent'g Tr. at 5, and his frequent handling of drugs: "[Y]ou are not talking about one isolated situation. You are talking about a number of occasions where he made himself available to deal with significant drugs, and that's what disqualifies him for a minor or minimum role adjustment," id. at 7. This conclusion was supported by Vasquez's own acknowledgment that he had received cocaine on numerous occasions between March 1, 2006 and March 12, 2007; that the total amount of cocaine was approximately five and a half kilograms; and that

3

he was expected to sell the cocaine. See Plea Tr. at 34-36.

We detect no clear error in the district court's assessment of Vasquez's conduct, nor any need for additional factfinding as to his role. Although Vasquez handled a smaller quantity of drugs than did his co-conspirators, the amount he dealt, five and a half kilograms, and its value, approximately $121,000, see Pre-Sentence Report ¶ 5, hardly indicated a significantly less culpable role than most other participants in cocaine conspiracies. See United States v. Pena, 33 F.3d 2, 3 (2d Cir. 1994) ("[T]he Sentencing Commission intends for culpability to be gauged relative to the elements of the offense of conviction, not simply relative to co-perpetrators.").

Contrary to Vasquez's suggestion, the absence of evidence indicating, for example, the percentage of the conspiracy's profits to which he was entitled, or the extent of his decision-making authority, does not render the district court's decision clearly erroneous. While such facts might be relevant, we have not described them as indispensable. Further, Vasquez was no mere employee, as he claims. The Pre-Sentence Report, reviewed by the district court, cited evidence indicating that he was purchasing drugs from his confederates and was trusted sufficiently by them to be given cocaine in advance of payment. See Pre-Sentence Report ¶ 6.

The cases cited by Vasquez do not support his minor role argument. The district court did not conclude that Vasquez was categorically ineligible for a role adjustment, as occurred in United States v. Neils, 156 F.3d 382, 384 (2d Cir. 1998). Nor did it automatically deny the role adjustment for lack of corroboration, see United States v. Rodriguez, 342 F.3d 296,

4

300 (3d Cir. 2003) (holding it error "[t]o state as a matter of law that a defendant who cannot provide corroboration for his statements can never meet the minor participant burden of proof"), or based solely on the drug amount, see United States v. Webster, 996 F.2d 209, 212 n.5 (9th Cir. 1993) ("[W]e have never held possession of a large amount of drugs necessarily forecloses the availability of a minor participant adjustment."). Rather, the district court considered the specific conduct to which Vasquez admitted, the volume of drugs he handled, and the frequency of his involvement. In other words, it examined Vasquez's "culpability in the context of the facts of the case," United States v. Garcia, 920 F.2d 153, 155 (2d Cir. 1990), just as it was required to do. Thus, we detect no error in the judgment, and no need for further factfinding.

We have considered Vasquez's other arguments on appeal, and we conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

5