08-3404-cr
*United States v. Delacruz,*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of April, two thousand ten.

PRESENT:

> DENNIS JACOBS,
> > *Chief Judge*,
>
> GUIDO CALABRESI,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

UNITED STATES OF AMERICA,

> *Appellee*,

-v.-                                                                No. 08-3404-cr
                                                                            NAC

ADOLFO DELACRUZ,

> *Defendant-Appellant.*

LEV L. DASSIN, Acting United States Attorney for the Southern District of New York (Loyaan A. Egal and Michael A. Levy, Assistant United States Attorneys, *of counsel*), *for Appellee*.

BEVERLY VAN NESS, New York, NY, *for Defendant-Appellant*.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, and DECREED that the judgment of the district court be AFFIRMED.

Defendant-Appellant Adolfo Delacruz appeals from a December 13, 2007 judgment of the United States District Court for the Southern District of New York (Jones, *J.*), entered after his conviction for conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, 21 U.S.C. § 846, and distribution and possession with intent to distribute one kilogram or more of heroin, 21 U.S.C. §§ 821, 841(a)(1), 841(b)(1)(A). The district court sentenced Delacruz to a 57-month term of imprisonment and five years of supervised release. We assume the parties' familiarity with the factual and procedural history of the case, to which we refer only as necessary to explain our decision.

Delacruz first challenges as procedural error the district court's decision not to award him a four-level minimal role adjustment under the United States Sentencing Guidelines, and to instead afford him a two-level minor role adjustment. *See* U.S.S.G. § 3B1.2. Generally speaking, we review a sentence for procedural and substantive reasonableness under an abuse of discretion standard. *United States v. Cavera*, 180 F.3d 180, 187, 189 (2d Cir. 2008) (*en banc*). "Once we are sure that [a] sentence resulted from the reasoned exercise of discretion, we must defer heavily to the expertise of district judges." *Id.* at 193. With regard to the specific issue of role adjustments, however, "[t]his Circuit has not always been consistent in describing the standard of review," *United States v. Gotti*, 459 F.3d 296, 349 (2d Cir. 2006), *accord United States v. Labbe*, 588 F.3d 139, 144 n.2 (2d Cir. 2009), sometimes indicating that whether circumstances constitute "minimal" or "minor" participation in a crime represents a legal question requiring more searching, *de novo*

review, *see  United States v. Carpenter*, 252 F.3d 230, 234 (2d Cir.2001) *(*citing *United States v. Gaston*, 68 F.3d 1466, 1468 (2d Cir. 1995) (per curiam)), but on other occasions concluding that the propriety of role adjustments represents a factual determination requiring review only for clear error, *see United States v. Brunshtein*, 344 F.3d 91, 102 (2d Cir. 2003) *(*citing *United States v. Castano*, 234 F.3d 111, 113 (2d Cir. 2000)), at least in cases where the issue on appeal can be viewed as "primarily factual," in that the defendant "basically devote[s] [his] argument to disagreeing - by reference to other evidence - with the district court's determination."  *Gotti*, 495 F.3d at 349.  We need not decide which standard is appropriate in this case, because even under the more rigorous of them, we would find no error in the district court's decision.

"The defendant bears the burden of establishing by a preponderance of the evidence that he is entitled to a mitigating role adjustment under section 3B1.2 of the Sentencing Guidelines." *United States v. Carpenter*, 252 F.3d 230, 234 (2d Cir.2001).  A minimal role adjustment "is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group" and "the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of [such] a role."  U.S.S.G. § 3B1.2 cmt. n.4. Meanwhile, a minor participant is one who "is less culpable than most other participants, but whose role could not be described as minimal."  *Id.* cmt. n.5.  Thus, in reviewing a district court's decision regarding a mitigating role adjustment,

> we are mindful that a sentencing court's assessment of the defendant's role in criminal activity is highly fact-specific and depends upon the nature of the defendant's relationship to other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise.

*Carpenter*, 252 F.3d at 234 (internal quotation marks, brackets, and citation omitted).

Delacruz failed to prove that he was entitled to a four-point reduction in his offense level as a minimal participant. He acknowledged that he voluntarily sought to transport heroin to the site of the planned sale, and that he knew that it was heroin that he was carrying. Before this court, he relies primarily on the assertions: (1) that he was less culpable than his co-defendants, in that he had no prior involvement with illegal drugs, did not plan the transaction that resulted in his conviction, and only became involved after "fortuitously" arriving at the location where the drugs were being prepared for sale; and (2) that his involvement was not essential to the ensuing drug transaction, in that his co-defendants would have carried the drugs to the transaction site themselves had he not volunteered to do so. Yet as he acknowledges, "courier status" does not automatically entitle him to even a minor role adjustment, much less an adjustment for a minimal role. *See United States v. Shonubi*, 998 F.2d 84, 90 (2d Cir. 1993). To the contrary, this Court has on several occasions upheld the denial of such adjustments to those who only played the role of courier. *See United States v. Garcia*, 920 F.2d 153, 154-55 (2d Cir. 1990); *Shonubi*, 998 F.2d at 90. The evidence at trial, moreover, demonstrated Delacruz's knowledge of both "the scope and structure of the enterprise" for which he was eventually convicted and "the activities of others" who participated in the scheme – knowledge not generally associated with that of a minimal participant. *See* U.S.S.G. § 3B1.2; *United States v. LaValley*, 999 F.2d 663, 665 (2d Cir. 1993). Finally, we are not persuaded by the argument that Delacruz's role was insignificant because the drugs could have been carried by someone else. This observation, even if true, would appear to apply to most couriers, and yet transporting narcotics to the point of sale is often essential to the commission of the crime. *See Garcia*, 920 F.2d 153, 155 (2d Cir. 1990) (noting that "[c]ouriers are indispensable to the smuggling and delivery of drugs and their proceeds"). We therefore conclude that the district court did not err

4

in determining that, although Delacruz played a minor role in the drug conspiracy and sale in this case, his role was not minimal.

Delacruz's next argues that his sentence was substantively unreasonable. We review the sentence imposed by a district court for substantive unreasonableness under an abuse of discretion standard, "set[ting] aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189. "[W]e take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts," *id.* at 190, and "consider whether the length of the sentence is reasonable in light of the factors outlined in 18 U.S.C. § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 132 (2d Cir.2006).

Delacruz characterizes his crime as involving a "single rash act," Appllant's Br. at 13, and observes that he received a sentence substantially longer than one of his co-defendants who played a greater role. The district court, however, expressly credited the impulsive and apparently uncharacteristic nature of Delacruz's decision to commit his crimes when weighing the section 3553(a) factors. And while "section 3553(a)(6) requires a district court to consider nationwide sentence disparities, . . . [it] does not require a district court to consider disparities between co-defendants." *United States v. Frias*, 521 F.3d 229, 236 (2d Cir. 2008). To the extent that differences in the sentences received by Delacruz and his co-defendants are relevant, we note that the defendant to whom he points by way of comparison cooperated with the government and received credit for his substantial assistance, while another, more culpable co-defendant who (like Delacruz) did not cooperate received a longer sentence of 87 months. We see no abuse of discretion in the below-

Guidelines sentence that Delacruz received.

We have carefully considered Delacruz's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk