12-2555-cr
United States v. Hidalgo

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of June, two thousand thirteen.

Present:
   RALPH K. WINTER,
   PETER W. HALL,
   GERARD E. LYNCH,
     *Circuit Judges*.

_____

United States of America,

    *Appellee*,

   v.             No. 12-2555-cr

Carlos Hidalgo, AKA Carlos Gomez, AKA Carlos Rodriguez,

    *Defendant-Appellant*,

Elias Jimenez, AKA Moreno, AKA Elias Jiminez, AKA Ramadan Rodriguez, AKA Elbi Rodriguez, Juan Rosado-Caraballo, AKA Juan Tony Caraballo,

    *Defendants*.

_____

1

FOR APPELLANT:          Lawrence Gerzog, New York, NY.

FOR APPELLEE:          Shane T. Stansbury and Andrew L. Fish, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Scheindlin, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Defendant-Appellant Carlos Hidalgo appeals from the district court's judgment sentencing him principally to 60 months' imprisonment after he pled guilty to conspiring to distribute 3, 4-methylenedioxymethamphetamine, commonly referred to as MDMA or Ecstasy, and 1-benzylpiperazine, commonly referred to as BZP, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. On appeal, Hidalgo challenges the procedural reasonableness of his sentence, arguing that the district court based his sentence on a clearly erroneous factual finding as to the quantity of narcotics involved in his offense and erroneously declined to apply a mitigating role adjustment under U.S.S.G. § 3B1.2(b) and a downward departure under U.S.S.G. § 4A1.3(b)(2). We assume the parties' familiarity with the underlying facts and the procedural history of the case.

## I.    Drug Quantity Finding

"[T]he [district] court's underlying factual findings with respect to sentencing, established by a preponderance of the evidence, are reviewed for clear error." *United States v. Cossey*, 632 F.3d 82, 86 (2d Cir. 2011) (internal quotation marks omitted). "In deciding upon a sentence, a district court has the discretion to rely on the wide array of facts before it, including information set forth in the pre-sentence report, as well as evidence that would not be admissible

2

at trial, so long as the defendant is given an opportunity to contest the accuracy of that information." *Id*.

There is no basis to determine that the district court clearly erred in finding that Hidalgo was accountable for 8,000 pills containing MDMA and BZP, which it determined to be the equivalent of between 100 and 400 kilograms of marijuana for the purpose of calculating the applicable Guidelines range. Contrary to Hidalgo's argument, the court's finding that he had negotiated to sell 7,000 pills to a confidential informant was supported by the Presentence Investigation Report ("PSR"), which the court properly relied on at the sentencing hearing and properly adopted in the written statement of reasons for its sentence. *See United States v. Highsmith*, 688 F.3d 74, 77-78 (2d Cir. 2012) ("[A] district court satisfies its obligation to make the requisite factual findings when it indicates in its written judgment that it is adopting the findings set forth in the PSR." (internal quotation marks omitted)). Moreover, while Hidalgo correctly notes that a confidential informant cannot be considered a co-conspirator in this context, *see United States v. Vazquez*, 113 F.3d 383, 387 (2d Cir. 1997), the record supports a finding that Hidalgo's conduct in negotiating to sell narcotics to the informant was part of an underlying conspiracy involving other individuals. Hidalgo's challenges to the district court's drug quantity finding are thus unavailing.

## II.     Mitigating Role Adjustment and Criminal History Departure

Under U.S.S.G. § 3B1.2, reducing a defendant's offense level is appropriate if he was a "minimal" or "minor" participant in criminal activity. "[I]n determining the appropriate standard of review of a district court's application of the Guidelines to the specific facts of a case, this Court follows an either/or approach, adopting a de novo standard of review when the district court's application determination was primarily legal in nature, and adopting a clear error

3

approach when the determination was primarily factual." *United States v. Hsu*, 669 F.3d 112, 120 (2d Cir. 2012) (internal quotation marks omitted). In contrast to offense level adjustments, a district court's "refusal to downwardly depart [under the Guidelines] is generally not appealable." *United States v. Stinson*, 465 F.3d 113, 114 (2d Cir. 2006) (per curiam) (internal quotation marks omitted). Appellate review of such a determination is available "only when a sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal." *Id.* (internal quotation marks omitted).

Here, regardless of which standard of review applies, the district court properly declined to apply a mitigating role adjustment under § 3B1.2(b) on the ground that Hidalgo was no less culpable than his codefendants or the average "middleman" in a drug distribution conspiracy. *See* Suppl. App'x at 13-14; *United States v. Neils,* 156 F.3d 382, 383 (2d Cir. 1998) (per curiam) ("Under U.S.S.G. § 3B1.2, the district court is required to gauge the appellant's culpability relative to the elements of the offense of conviction as well as in relation to the co-conspirators."). While Hidalgo asserts that he was a mere "steerer" in that he introduced the confidential informant to one of his co-conspirators, as noted above, the district court did not clearly err in finding that he had directly negotiated a narcotics transaction with the informant as part of the conspiracy at issue. Finally, there is no indication that the district court misunderstood the scope of its authority to impose a downward departure under § 4A1.3(b) on the ground that Hidalgo's criminal history category substantially overrepresented the seriousness of his criminal history. The court's decision declining to impose such a departure, therefore, is not appealable. *See Stinson*, 465 F.3d at 114.

We have considered Hidalgo's remaining arguments on appeal and find them to be without merit.  The judgment of the district court is AFFIRMED.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk