United States v. Williams, et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of April, two thousand fourteen.

PRESENT: GUIDO CALABRESI,
         DENNIS JACOBS,
         DEBRA ANN LIVINGSTON,
                        Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
United States of America,
         Appellee,

         -v.-                                          12-4451

Mario Williams,
         Defendant-Appellant.*
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:                STEVEN Y. YUROWITZ, Newman &
                              Greenberg, New York, New York.

---

\* Clerk of Court is directed to amend the caption to conform with the above.

**FOR APPELLEES:**                    RAJIT S. DOSANJH, <u>for</u> Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, <u>S.J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Mario Williams ("Williams") appeals from a judgment of the United States District Court for the Northern District of New York (McAvoy, <u>S.J.</u>), sentencing him, following a guilty plea, to 51 months' imprisonment for conspiracy to distribute and possess with intent to distribute cocaine and cocaine base. On appeal, Williams argues that (1) the district court erred in denying Williams' motion to withdraw his guilty plea, because the factual basis for his plea was insufficient; (2) the district court erred in denying Williams' motion for appointment of new counsel in advance of sentencing, because his motion for new counsel created a conflict of interest that would prevent his attorney from providing effective assistance at sentencing; and (3) he was denied effective assistance of counsel at his sentencing. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**1.** Williams' <u>pro se</u> motion to withdraw his plea did not challenge the district court's determination that there was a sufficient factual basis for his plea. As a result, we review this claim for plain error. <u>United States v. Vonn</u>, 535 U.S. 55, 62-74 (2002).

Federal Rule of Criminal Procedure 11(b)(3) requires that, "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." In making this determination, the court is not required "to weigh evidence to assess whether it is even more likely than not that the defendant is guilty"; rather, the rule "requires the court to assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is

2

pleading guilty." United States v. Maher, 108 F.3d 1513, 1524 (2d Cir. 1997).

The record of the plea hearing contradicts Williams' contention that there was "nothing to establish that [he] was joining a conspiracy with the intent to possess and distribute narcotics." Williams confirmed the accuracy of the government's description of his "role in the conspiracy" and "what [he] did." Thus, Williams admitted that he "conspired with Jamie Toomer and others to possess with intent to distribute cocaine base, crack." Williams fails to establish any error, let alone plain error, in the acceptance of his plea.

**2.** We review the denial of a motion to substitute counsel for abuse of discretion. United States v. Simeonov, 252 F.3d 238, 241 (2d Cir. 2001).

Williams contends that his motion for appointment of new counsel and, in particular, the claim in his motion that his attorney "misadvised him to plead guilty," created a conflict of interest. However, it is well-settled that the filing of a motion for appointment of new counsel does not, in and of itself, create an actual conflict of interest sufficient to justify the appointment of new counsel. See United States v. Moree, 220 F.3d 65, 71 (2d Cir. 2000). Accordingly, the district court committed no error of law in denying the motion.

**3.** Whether a defendant's representation "violates the Sixth Amendment right to effective assistance of counsel is a mixed question of law and fact that is reviewed de novo." Triana v. United States, 205 F.3d 36, 40 (2d Cir. 2000). Generally, we "are reluctant to address ineffectiveness claims on direct review" because "the constitutional sufficiency of counsel's performance is usually unripe for seasoned retrospection until after the trial and whatever appeal may follow." United States v. Salameh, 152 F.3d 88, 160 (2d Cir. 1998) (per curiam). However, we have discretion to consider such claims on direct appeal where, as here, the defendant is represented by new counsel on appeal and the bases for his allegations of attorney misconduct are "plain on the record." United States v. Davis, 239 F.3d 283, 285 (2d Cir. 2001).

In order to prevail on an ineffective assistance of counsel claim, a defendant must show (1) "that counsel's

3

representation fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). In this analysis, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690.

Williams argues that his counsel was constitutionally ineffective for failing to make a series of arguments at sentencing concerning the calculation of his Guidelines range.

First, Williams contends that two of his convictions for unlawful possession of marijuana under New York Penal Law § 221.05 should not have been counted towards his criminal history score because they were merely "violations," similar to loitering. See U.S.S.G. § 4A1.2(c)(2) (sentences for "loitering" and offenses "similar to" loitering are never to be counted). However, even if one or both of the marijuana possession convictions cited by Williams were not counted, and his total score were thus reduced, he would have remained in Criminal History Category III. As a result, he cannot establish a substantial likelihood of a different outcome, and thus fails to show prejudice.

Williams next argues that his counsel should have sought a downward departure or variance on the ground that his criminal history score overstated the seriousness of his past criminal record. However, such an argument lacked a substantial likelihood of success, given that his criminal history was marked by a string of drug-related offenses-- including offenses whose underlying facts indicated previous involvement with drug trafficking. Cf. U.S.S.G. § 4A1.3 cmt. n.3 ("A downward departure . . . may be warranted if, for example, the defendant had two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period.").

Williams also contends that his counsel was constitutionally ineffective for failing to seek a role adjustment. To qualify for an adjustment under U.S.S.G. § 3B1.2(b) for being a "minimal participant" in the offense,

4

Williams would have had to show not simply that he "played a lesser role than his co-conspirators," but that his conduct was "'minimal' as compared to the average participant in such a crime." United States v. Rahman, 189 F.3d 88, 159 (2d Cir. 1999). "[T]he defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others," U.S.S.G. § 3B1.2 cmt. n.4, is "essential" to a finding of minimal participation, United States v. LaValley, 999 F.2d 663, 665 (2d Cir. 1993). Here, however, Williams admitted to possession with intent to distribute and/or distribution of 17 grams of crack cocaine and 56 grams of powder cocaine and admitted to an agreement to prepare crack cocaine from powder cocaine at the request of a co-conspirator. These admissions strongly indicate his knowledge of the "activities of others" involved in the drug distribution conspiracy.

Finally, Williams contends that his counsel failed to seek a lower sentence on the basis of the 18 U.S.C. § 3553(a) sentencing factors. The district court, however, expressly considered the Section 3553(a) factors, and Williams cites no factor that defense counsel should have highlighted for the court. Accordingly, Williams fails to establish a substantial likelihood of a different outcome.

For the foregoing reasons, and finding no merit in Williams' other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK